CHARLES B. WALKER et al., Respondents, v. JOHN C. EVANS et al., Appellants.

Kansas City Court of Appeals, February 2, 1903.

1. **Partnership: OWNERSHIP: FRAUD.** Where several parties are owners of property in equal parts and are working the same together and one or more of them disposes of the property and makes false representations as to the purchase price in settling with the remaining parties, it is immaterial whether they owned the property as partners or held the same in mere separate ownership of undivided interests.

2. ———: ———: ———: **PLEADING.** And though the pleadings designate the parties as partners, it is of no consequence if the facts charged give a cause of action to the plaintiffs.

3. **Trial Practice: MOTION TO STRIKE OUT: AMENDED ANSWER: WAIVER.** Where portions of an answer are stricken out on motion and the defendant files an amended answer, the error in sustaining the motion to strike out is waived.

4. **Fraud: TENANTS IN COMMON: SALE OF PROPERTY: SHAR-
ING LOSS.** Where some of the common owners of property dis-
pose of the same and on settlement with the remaining owners make
fraudulent representations as to the amount realized for the com-
mon property, and pay said remaining owners their portion in cash
and retain to themselves notes secured on the property, on which
thereafter turns out to be a loss, they can not when sued for the
deceit ask their deceived co-owners to share the loss with them.

5. ———: ———: ———: **VALUE OF SHARES.** When sued the
wrong-doers can not show in their defense that their co-owners re-
ceived as much as their shares were worth, since such co-owners
were entitled to their share of the whole amount received for the
property.

6. **Trial Practice: CHANGE OF VENUE.** The facts relating to the
giving of notice of an intended application for a change of venue
are reviewed and the action of the trial court in refusing such
change is approved.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*C. H. Montgomery* for appellants.

(1) The court committed error in overruling de-
fendant's application for a change of venue. The notice
was sufficient. Douglass v. White, 134 Mo. 228; Cor-
penny v. Sedalia, 57 Mo. 88; Reed v. State, 11 Mo. 380.
(2) The court committed error in striking out all of the
second count of defendant's first amended answer. The
part stricken out contained a good defense to the plain-
tiffs' action. Chemical Co. v. Lackawanna Line, 78
Mo. App. 305. (3) If plaintiffs received more than
their property was worth, and received more for it than
defendants, they were not damaged. The court's re-
fusal to permit defendants to prove this was clearly
error. Bank v. Byers, 139 Mo. 652. (4) The interest
in the mills were not partnership property. Newspaper
Co. v. Farroll, 88 Mo. 594; Bank v. Outhwaite, 50 Mo.
App. 129. A partnership in profits may exist without

including title to the property out of which the profits
may be made. Porter v. Hunt, 50 Mo. App. 541; Rapp
v. Vogel, 45 Mo. 524; Bank v. Outhwaite, 50 Mo. App.
124; Donnell v. Harshe, 67 Mo. 170. Several persons
who acquire fractional interests in personal property do
not thereby become partners. Hedges v. Wear, 28 Mo.
App. 575; Newberger v. Friede, 23 Mo. App. 631;
Thompson v. Holden, 117 Mo. 129; Newspaper Co. v.
Farrall, 88 Mo. 597; Keiley v. Clancy, 16 Mo. App. 549;
Musser v. Brink, 68 Mo. 242; s. c., 80 Mo. 357; Clifton
v. Howard, 89 Mo. 194; Ashby v. Shaw, 82 Mo. 78.

*Galen & A. E. Spencer* for respondents.

(1) Under the contract between the parties, they
were partners. Defendants admitted that all opera-
tions were under this contract. The power to dispose
of the joint property is not the test of the question of
partnership. Mackie v. Mott, 146 Mo. 230. It is a
question of intention on the part of the alleged partners.
McDonald v. Matney, 82 Mo. 365. (2) The partners
were bound to act toward each other with absolute fair-
ness, and could not make a secret profit. They occu-
pied the position of trustees. Filbrun v. Ivers, 92 Mo.
388; Pomeroy v. Benton, 57 Mo. 531; Parsons on Part-
nership (3 Ed.), p. 246, s. p., 225; Chandler v. Co., 30
Fed. 538; Getty v. Devlin, 54 N. Y. 403; Brewster v.
Hatch (N. Y.), 25 N. E. 505; Company v. Case, 104 Mo.
579. (3) Under the foregoing authorities the court
was right in striking out parts of defendant's first
amended answer. If any error was committed, defend-
ants waived the right to urge it in this court, by filing
another answer and going to trial thereon. Fuggle v.
Hobbs, 42 Mo. 537; Gale v. Foss, 47 Mo. 276. (4) The
petition stated a cause of action. See authorities cited
under point 2 hereof. (5) Defendant's application
for a change of venue was properly overruled. Sum-

mers v. Co., 45 Mo. App. 46; Railroad v. Holladay, 131 Mo. 440.

ELLISON, J.—This action is based on a charge of fraud in the sale of mining properties in which plaintiffs owned an interest. The judgment in the trial court was for plaintiffs.

Plaintiffs had a contract to work up the "tailings" in the "dump piles" on twelve hundred acres of mining land owned by the Missouri Lead and Zinc Company in Jasper county. They also owned a "steam jig and sledge mill" in which ore was extracted from the tailings. They made a written contract with defendants whereby they conveyed to them "an undivided one-half interest" in the jig and mill and the contract to work up the tailings. As a part of the consideration for this sale to defendants, they were to build a new mill with a capacity of cleaning one hundred tons of dirt per day, costing $4,500 at a place on said lands to be selected by plaintiffs. The defendants were to render to plaintiffs every two weeks an itemized statement of cost of construction as the work progressed. The cost of the mill was to be paid to defendants out of the net profits derived from the work it turned out in extracting ore. After the mill was a completed structure each party was to "own an undivided one-half interest in the same." The net profits in the old mill, the one-half of which plaintiffs sold defendants, were to be divided equally between each of the parties and so were those of the new mill after it had been paid for; that is, after defendants were reimbursed for building it, as above stated.

The defendants built the new mill and reported the cost to plaintiffs at said sum of $4,500. Both mills were run in the work of extracting ore, the profits from the old one being equally divided, while the profits from the new one were retained by defendants, to reimburse them for cost of construction.

Walker v. Evans.

Afterwards, defendants entered into an understanding with Messrs. Palmer and Stephens whereby the latter were to purchase the whole property for $10,500, of which $5,000 was to be cash and the balance in two notes of $2,750 each, secured on the property. But plaintiffs charge that defendants had conceived the idea of defrauding them and to that end, after having negotiated for the sale with Palmer and Stephens at the price aforesaid, they represented to plaintiffs that they could sell for $7,500 and advised plaintiffs to consent to a sale at that price. Plaintiffs believing that to be the price for which the property was selling, consented to the sale and division of proceeds was made on the basis of a sale for $7,500. When plaintiffs learned that the real price was $10,500 and that defendants had kept $3,000 out of the division, they begun this action.

1. The petition alleges that plaintiffs and defendants were partners "and as such partners were the joint owners" of the above-mentioned property. The parties seem to have become impressed from the beginning of this controversy that the question whether there was a partnership was of vital consequence. They seem to have made the controversy at the trial to turn principally on that question and so they have carried it on in the same way in this court. Plaintiffs seem to have considered it necessary to allege and show that they and defendants were partners as that term is known to the law. And so defendants appear to have become impressed with the idea that if they could show they were not partners with plaintiffs, at least not partners in all of the property, they could escape liability for the fraud charged against them.

In view of some uncontroverted facts in the case, it can make no practical difference whether the parties were partners at all, either in the whole or any part of the property. It is conceded that the parties, plaintiffs and defendants, owned the property in equal parts

Vol 98 app—20.

and that they together were working it in extracting ore from the "tailings" on the mining lands aforesaid for their benefit.

In such condition of ownership and operation, the defendants, according to plaintiffs' charge, discovered a purchaser for the *whole* property for the price of $10,500. But they falsely represented to plaintiff that the price at which they could sell was $7,500, and so induced plaintiffs to sell, under the impression that the latter sum was the real selling price. Whether there was a partnership in all the property, or a partnership in a part of the property; or whether the property was held in mere separate ownership of undivided interests, can make no difference. The fraud and deception and injury could take place with either as a base of operations, and plaintiffs' right of recovery is not affected by the business relation they bore to defendants, or the nature of their ownership of the property in which all had an interest.

2. Notwithstanding plaintiffs have designated the holdings, interests and relations of the parties as a partnership, yet, since the facts charged give them a cause of action, it is of no consequence if it should be true that their relationship had been erroneously named. Gannon v. Gas Co., 145 Mo. 502.

3. The foregoing disposes of a great part of the case and of an array of authorities on what does and does not constitute a partnership. But there are other points made by defendants to be noticed. They answered by setting up, at length, matter of defense not necessary to set out here. This was struck out on plaintiffs' motion. They then filed an amended answer. In so doing they waived any error in striking out the original answer. Fuggle v. Hobbs, 42 Mo. 537; Gale v. Foss, 47 Mo. 276.

4. What we have written disposes of defendants' refused instructions on the question of partnership. But there was evidence going to show that in the di-

vision of the proceeds of the sale, defendants took the
two notes of $2,750 each, and that while these were se-
cured on the property, yet by reason of the property
afterwards depreciating in value, and the uncertainty
which came into the contract of lease by reason of for-
feiture proceedings, they accepted two thousand dollars
in payment of the first note due and lost the one last
due entire.   Based on this ground defendants asked the
court to instruct the jury that if the $3,750 which plain-
tiffs got as their part of the proceeds of the sale was
"of as great or greater value than the money and notes
received by defendants, then there was no fraud," and
the verdict should be for defendants without regard to
false representations.   In our opinion, the proposition
contained in that instruction can not be sustained and
the court properly rejected it.   As wrongdoers they can
not ask the party whom they deceived to share their
loss and misfortune.   They took the notes as part of
their portion of the sale.   The notes represented the
amount of money expressed to be payable by them and
the loss consequent on subsequent failure to collect them
ought not to be divided with plaintiffs.

5.   So, in another instruction, the fraud was ig-
nored and defendants sought to have the court declare
that if the $3,750 received by plaintiffs as their share
of the proceeds of the sale, was as much as their share
was really worth, then they could not recover.   This
was properly refused.   Plaintiffs were entitled to one-
half the amount received for the whole property.   It
was not for defendants to sell the whole property at a
certain price and then fix a value on plaintiffs' interest.

6.   Defendants asked a reversal on account of the
court refusing them a change of venue on account of the
alleged prejudice of the judge.   The application shows
that defendants became aware of the prejudice charged
on September 20, and the application itself was filed
on the 23d.   The counsel for both parties resided in
the same town and yet no notice of the application was

served. The only pretense of notice was that of defendants' attorney telephoning to plaintiffs' attorneys' stenographer at his office on the 21st, that there would be a change of venue. It was reported to plaintiffs' attorneys by the stenographer late in the evening that defendant's attorney had telephoned there would be a "change of venue or something of that kind in the Walker case." The case had been set on the docket at an earlier date and the parties were ready for trial when on defendants' attorney wanting to be absent it was by agreement set down for trial on the 23d. We are satisfied with the ruling of the trial court. The circumstances shown disclose that defendants were not entitled to the change. The circumstances are wholly unlike those in Douglass v. White, 134 Mo. 228, and Corpenny v. Sedalia, 57 Mo. 88, cited by defendants.

We have not discussed many of the separate points made by defendants, but what we have said necessarily disposes of them adversely to defendants' contention. We have not found on the record any reason for disturbing the judgment and it is consequently affirmed. All concur.