[No. 10725. Department One. April 4, 1913.]

P. A. BRIGGLE, *Respondent*, v. C. E. Cox *et al.*, *Appellants*.[1]

TENANCY IN COMMON — PARTITION BY PAROL — EQUITY — FRAUDS, STATUTE OF. A parol partition between tenants in common, followed by possession and improvements in severalty, operates in equity as a severance of the cotenancy, which is not within the statute of frauds.

TENANCY IN COMMON—JOINT TRANSACTIONS—TRADE—FALSE REPRESENTATIONS—LIABILITY FOR SECRET BONUS. Where tenants in common who had severed their cotenancy by parol and the making of improvements in severalty, afterwards dealt jointly in making a trade of their interests and treated the cotenancy as existing, one of them, standing in a confidential if not fiduciary relation to the other in making the trade, cannot make a secret profit through false

[1]Reported in 131 Pac. 209.

suggestion or misrepresentation leading the other to believe that they had contributed the consideration in equal parts; and if he does so, he is liable to the other in an action for money had and received.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered June 17, 1912, upon findings in favor of the plaintiff, in an action for money had and received, after a trial to the court. Affirmed.

*C. E. Ellis* and *Carl W. Swanson*, for appellants.

*McWilliams, Weller & McWilliams*, for respondent.

GOSE, J.—On and for about one year prior to the second day of September, 1911, the plaintiff and the defendant were the joint owners of a contract entitling them to purchase a tract of land in Kootenai county, the state of Idaho. They also owned jointly certain personal property which was then upon these premises. About the middle of August, 1911, they made a parol partition of the land, and divided a portion of the personal property. In pursuance of this arrangement, they took possession of the tracts in severalty, and severally commenced fencing. On the 2d day of September, 1911, the fencing of the respective tracts was substantially completed. There was no exchange of conveyances between the parties. On the last named date, and while the exchange rested in parol, the plaintiff and the defendants jointly assigned the contract for the purchase of the Idaho land to Dennis Moylan and John Moylan, and jointly transferred to them the personal property upon the Idaho land, in exchange for fourteen hundred acres of land situated in Garfield county, in this state, which the Moylans conveyed to the plaintiff and the defendant Ida May Cox, and which they later partitioned. There was a balance of $6,000 due upon the purchase price of the Idaho land, and the land in Garfield county was mortgaged for $8,000. The exchange of properties was subject to these burdens. The defendant C. E. Cox, in the exchange, received $1,500 as boot money, a fact not then known by the

plaintiff. This suit was brought to recover one-half of that sum. The plaintiff was successful in the court below, and the defendants have appealed.

The court found, in addition to the facts stated, that the appellants represented to the respondent that they could exchange the contract for the Idaho land subject to the unpaid purchase price, together with all the personal property located thereon, for the Garfield county land, subject to the mortgage upon it, and that the basis of the exchange was "equity for equity" in the respective properties; that, relying upon this statement that the exchange was "equity for equity," the respondent, jointly with the appellants, executed and delivered to the Moylans an assignment "of all their individual interest" in the contract, in exchange for a conveyance of the land in Garfield county, to the respondent and the appellant Ida May Cox; that the trade was a joint one upon the part of the parties to this action; that, about the 1st day of November following, the respondent first learned that the appellants had secured an additional consideration consisting of a mortgage for $1,500, upon the Idaho land, taken in the name of one McMullan for the benefit of the appellants, for the purpose of concealing from the respondent the real nature of the transaction; that, on the 18th day of December following, McMullan assigned the mortgage to the appellant C. E. Cox, and that the mortgage was paid on the 13th day of May, 1912. The findings are supported by the evidence.

The assignment of the contract, the deed from the Moylans, and the mortgage from the Moylans to McMullan, were all executed on the 2d day of September. The mortgage was not recorded until the 2d day of October following. The assignment of the mortgage was executed on the 18th day of December, but was not filed for record until the 15th day of May following, that being the date upon which it was paid.

The record makes it clear that the appellant husband led the respondent to believe that the properties were to be exchanged

unit for unit; or, as the court found, equity for equity, the Moylans receiving in addition the personal property then upon the land in Idaho. The respondent so testified. He also said that, after he had seen the Garfield county land, he told the appellant that it did not square with the representations, either in respect to quality or the quantity of fallow land, and that he then said to him: "If you want to trade for it, go ahead. I will be with you. I did not want to be a stumbling block for him." He further stated that the appellant said: "We will just trade all of the Cox and Briggle stuff for the Garfield county land and the crop that's on it." The appellants did not examine the land in Garfield county, and the appellant husband said that he told the respondent that he had agreed upon terms of exchange, provided the respondent would convey his interest in the contract and the personal property; that he did not say the exchange was equity for equity, but that each understood that he was making his own bargain. The fact that the mortgage was taken in the name of McMullan, a resident of the state of Nebraska, and withheld from the record for a month after its execution, together with the further fact that the assignment to appellant was not filed for record for several months after its execution and not until the mortgage was paid, lends distinct color to the respondent's version of the conversation. The honest transaction rarely pursues the devious or obscure path. It rather chooses to follow the plain, beaten way, and proclaims itself as it really is.

The authorities cited by the appellants upon the proposition that a parol partition between tenants in common, followed by the parties taking possession and making permanent improvements in severalty, operates in equity as a severance of the cotenancy, announce correct principles of law. *Graves v. Smith*, 7 Wash. 14, 34 Pac. 213; *Cade v. Brown*, 1 Wash. 401, 25 Pac. 457; 30 Cyc. 161; *Rountree v. Lane*, 32 S. C. 160, 10 S. E. 941; *Kennemore v. Kennemore*, 26 S. C. 251, 1

S. E. 881; *Wildey v. Bonney's Lessee,* 31 Miss. 644; *Wood v. Fleet,* 36 N. Y. 499, 93 Am. Dec. 528; Freeman, Cotenancy & Partition (2d ed.), § 402. In *Graves v. Smith* and *Cade v. Brown,* this court held that a parol contract for the sale of land, where the vendee takes possession and makes permanent improvements, takes the transaction out of the statute of frauds. The same equitable principles apply to a parol partition of land.

The appellants also suggest the admitted rule that one cotenant is at liberty to sell his interest in the property to the other or to a stranger, at such price as he deems satisfactory; and that he is not called upon in such cases to disclose all he may know, or to inform his cotenant of matters which, by the exercise of reasonable diligence, he might ascertain for himself.

There are, however, other circumstances in this case of such cogency as to render these principles inapplicable. The relations between the respondent and the appellant husband were confidential, if not fiduciary. In such case, if there be any, though slight, false suggestion or misrepresentation, the transaction is fraudulent. While the parties had severed the cotenancy, the court found that they dealt jointly with both the real and personal property. They contributed the consideration for the Garfield county land in equal parts, and received a conveyance executed to the respondent and the appellant wife jointly. Moreover, they paid a commission to the broker who negotiated the sale out of the joint personal property. In short, they treated the cotenancy as existing. It follows that the appellants may not avail themselves of a secret profit which, when exposed to light, was a part of the consideration for the common property. 38 Cyc. 15; *Garr v. Boswell,* 18 Ky. Law 814, 38 S. W. 513; *Calkins v. Worth,* 215 Ill. 78, 74 N. E. 81; *Walker v. Evans,* 98 Mo. App. 301, 71 S. W. 1086.

In *Garr v. Boswell,* a mother and her children sold a tract of land which they jointly owned. Two daughters each re-

ceived a secret bonus from the purchaser. There was no evidence of any misrepresentation. In holding that the money thus obtained should be divided between the parties as the balance of consideration was divided, the court said:

"We concede the right of one joint tenant to sell his interest in land without consulting his cotenants, and at any time and price he may choose. But when, as in this case, the parties propose to sell together, and the act of one is dependent upon the act of the others, good conscience and fair dealing require that one should not undertake secretly to procure for himself more than it is understood and agreed each and all shall have. The fact that those who do not participate in the secret arrangement receive what they were, with the lights before them, willing to take, cannot affect the question."

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.