[No. 16890. Department One. April 19, 1922.]

# C. C. Bemis et al., Appellants, v. Alfred E. Meyer et al., Respondents, Walker Moren et al., Defendants.[1]

Frauds, Statute of (49) — Part Performance — Improvements and Taking Possession. A parol partition of lands held jointly by tenants in common is not established, under the statute of frauds, where there was no taking of possession in severalty or the making of permanent improvements.

Evidence (99, 148)—Self-serving Declarations—To Vary Writing—Contract for Sale of Land. Where co-owners of a tract each listed his interest with a broker for sale at a certain price and neither party had knowledge of the listing by the other, the listing prices were merely self-serving declarations as to the value, and insufficient to overcome a contract reciting that they were equally interested in the contract of sale made by the broker.

Tenancy in Common (1-1)—Severance—Agreement For. Where tenants in common, after severally listing their interests with the same agent, at different prices, entered into a written agreement that they were jointly and equally interested in the sale of the tract, the agreement overcomes indefinite and unsatisfactory evidence of a parol partition between them.

Same (11)—Mutual Rights—Estoppel Between Co-tenants. In an action between tenants in common for an accounting of the purchase price received on the sale of the tract, a tenant who induced the purchaser to make payment of the remainder of the funds to him in violation of the terms of the contract requiring the same to be paid to the escrow holder, cannot complain of a judgment awarding his co-tenant a lien on the land for the whole amount due him.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered July 8, 1921, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Affirmed.

*Parker, La Berge & Parker,* for appellants.

*H. J. Snively,* for respondents.

[1]Reported in 206 Pac. 566.

TOLMAN, J.—In the year 1919, appellants, Bemis and wife, and respondents, Meyer and wife, under an executory contract, purchased a certain 60-acre tract of land in Yakima county, for $9,000, of which $1,000 was paid down, and the remainder was to be paid in subsequent installments. The purchasers entered into possession, and thereafter, according to the testimony of appellant Bemis, a partition was agreed upon, Meyer making the division and Bemis choosing the tract which he preferred; but there was no evidence as to the taking possession in severalty, or the making of permanent improvements by either; in fact, so far as there was any evidence of any improvements being made, it went only to the building of a small house by Bemis, not upon the tract allotted to him, but by consent, upon the tract allotted to Meyer. Respondents, at about the same time or a little later, individually purchased an adjoining tract of ten acres in which appellants claim no interest.

In July, 1920, respondent Meyer listed with a real estate broker respondents' share of the 60-acre tract, with the crops, and also the 10-acre tract belonging in severalty to respondents, for sale, at a price of $7,700, and on the same day, or within a day or two thereafter, appellant Bemis listed with the same broker appellants' share of the 60-acre tract, with the crops and buildings, at $8,750. It does not appear that either party knew the terms of the listing made by the other, or that there was then or afterwards any agreement as to the division of the purchase price if a sale should be made, except as hereinafter stated. Prior to the 14th day of August following, the broker made a sale to the defendants, Moren and Harris, of the entire property so listed, for a consideration of $18,000, which was in excess of the total of the two listing prices.

Upon being informed that a purchaser had been found, the parties met and prepared a written contract, dated August 14, 1920, in which the appellants and respondents are named as parties of the first part, and the purchasers, Moren and Harris, are named as parties of the second part. By that contract the purchase price is stipulated to be $18,000, of which $3,000 is considered as the purchase price and value of the 10-acre tract belonging to the respondents in severalty, which, of course, leaves a consideration for the 60-acre tract of $15,000. Following the description of the 60-acre tract purchased jointly by appellants and respondents, in the contract with Moren and Harris, these words occur: "Containing sixty acres, more or less, in which the parties of the first part are jointly and equally interested." The contract then provides for the assumption and payment by the purchasers of the unpaid purchase price upon the 60-acre tract; of the mortgage upon the 10-acre tract; of the taxes, and for the sums to be immediately paid, all aggregating $14,467.40, leaving a balance to be thereafter paid of $3,532.60, but is entirely silent as to any division of the purchase price, except as to the 10-acre tract, as hereinbefore stated. The contract also provides for the assignment of the original contract of purchase, running to appellants and respondents, covering the 60-acre tract, and the execution of a deed by Meyer and wife to the 10-acre tract, all to be placed in escrow to be delivered when the balance of $3,532.60 is paid. A certain part of this residue appears to have been paid through disposal of the crops growing upon the land at the time the contract was made, and the balance due from the purchasers at the time of the commencement of this action was $1,752.60, which sum was deposited by them with the clerk of the court to await the outcome of the action.

Appellants brought this action, alleging that a dispute had arisen between them and respondents as to the amount due each; that respondents were claiming an undue proportion thereof, and prayed for an accounting and a determination of the amount due to each of the parties. The trial court took the view that the rights of the parties were determined by the words which we have quoted from the contract, and after making allowance for the 10-acre tract owned separately by respondents, entered a judgment the effect of which was to equally divide between the parties the proceeds of the sale of the 60-acre tract.

Appellants base their contention here largely upon the theory of a parol partition and the respective listing prices. We are firmly of the opinion that the evidence does not go far enough to establish a completed parol partition. To establish a parol partition, good notwithstanding the statute of frauds, there must be something in the nature of part performance, such as the taking of possession in severalty and the making of permanent improvements. As we have already seen, the record discloses nothing of this nature, and under the rule mentioned in *Briggle v. Cox*, 72 Wash. 574, 131 Pac. 209, and the cases there cited, we must hold that no parol partition was here established. The listing prices, neither party having knowledge of, or consented to, the price named by the other, are no more than self-serving declarations. There is nothing in the evidence which convinces us that at any time prior to the execution of the contract to Moren and Harris, or thereafter, was there any oral agreement between the parties in anywise affecting the matter. When the contract was made, it was recognized that Meyer and wife, being the owners in severalty of the 10-acre tract, were entitled to have the price of that tract fixed and de-

termined, and that was specified in the contract. Had there been a partition between the parties it would be equally recognizable that the amount each should receive for his separate holding in what was originally a joint tract should likewise then be determined, but instead of so doing, the parties deliberately recited and wrote into the contract that they were jointly and equally interested in that tract. The indefinite and unsatisfactory evidence as to the partition and as to what was said at various times with reference to the division of the purchase price, cannot be permitted to overcome this plain written declaration.

Some contention is made that the trial court erred in awarding to respondents a lien upon the real estate involved for the full amount found to be due them, which was in excess of the sum paid into court by the purchasers. Ordinarily this contention would warrant further consideration, but in this case it appears that appellants in some manner induced the purchasers to pay directly to them, in violation of the terms of the contract requiring the remainder of the purchase price to be paid to the escrow holder, the sum of $1,500. This being an unauthorized payment under the terms of the contract, made without the consent of the respondents, appellants at least have no reason to complain of the order made.

A motion to dismiss the appeal because of failure to serve notice of appeal upon the defendants, Moren and Harris, was timely made by respondents, but in view of the decision we have reached upon the merits, it need not be considered or discussed.

The judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.