[No. 846. Decided July 12, 1893.]

N. E. GRAVES, *Respondent*, v. JOHN W. SMITH, *Appellant*.

CONTRACT TO CONVEY LAND — WHEN VOID — ASSUMPSIT — INSTRUC-
TIONS — ARGUMENT OF COUNSEL.

A party to a contract for the conveyance of lands cannot treat the contract as void, as resting in parol, when he has taken possession thereof under the contract.

Where services are rendered in consideration of a contract for the conveyance of land, and such contract proves to be void for the reason that it was made by the husband alone for the conveyance of community property, in which the wife refuses to join, the party rendering such services is not compelled to resort to specific performance, but may sue upon the *quantum meruit*.

In an action to recover a certain sum for services as a surveyor, in which the defendant answers that plaintiff agreed to take a conveyance of certain land in payment therefor, an instruction that the contract to convey said tract of land was void because the wife of the defendant was not a party thereto is not prejudicial error, where it appears from the evidence that specific performance could not be enforced.

In such an action, where the defense is that the survey was so inaccurate and incorrect as to be of no value, and plaintiff testifies that defendant was responsible therefor, in that he had given him a certain county road as a correct starting point, there is no error in an instruction that, if the jury believe the testimony of plaintiff in this particular, he had a right to rely upon the representations of the defendant with regard to the correctness of this county road; and that, if they did not believe such testimony, they must determine from the evidence as to whether the survey had been correctly made.

In such an action, an instruction that, if the contract was to take land in payment, and the defendant refused to convey, the plaintiff could recover a money judgment for whatever sum the jury found he had earned, is not erroneous, when there is some proof as to the value of such services; nor does such instruction take from the jury the consideration of the defense that plaintiff had failed to make a correct survey, as the court had elsewhere instructed the jury as to the character of the work.

When counsel makes an improper argument to the jury during the temporary absence of the judge from his seat, but the judge, after his return to his seat, upon the objection of the opposing counsel, compels him to desist therefrom, and subsequently instructs the jury to disregard such argument, no error can be founded thereon.

*Appeal from Superior Court, Clarke County.*

*Metcalf & Metcalf,* for appellant.

*C. J. McDougall, Miller & Stapleton,* for respondent.

The opinion of the court was delivered by

SCOTT, J.— Plaintiff brought this action to recover the contract price for services performed by him for defendant as a surveyor. In his complaint he alleges that between the 1st day of July and the 15th day of August, 1891, he, at defendant's instance and request, did work and labor for

the defendant, by himself and servants and agents, and rendered professional services for the defendant as a land surveyor and civil engineer, in surveying the John C. Dodd donation land claim, in Clarke county, comprising 240 acres, and in subdividing and platting 140 acres thereof, and in setting stakes at the outside boundaries, and making a tracing and blue prints thereof at the agreed price of $350, which amount the defendant promised and agreed to pay him therefor. He admitted the payment of ten dollars thereon and asked for judgment for the balance of $340.

The defendant answered, denying the allegations of the complaint, and for an affirmative defense alleged that the plaintiff agreed with defendant to survey and plat 240 acres of defendant's land into five acre tracts, and make a map showing correctly the subdivisions; that the plaintiff agreed to do such surveying and platting for four dollars and a half per day and his board and lodging, and that the amount due therefor was to be applied in part payment of one of said five acre tracts of land, which the defendant agreed to convey to the plaintiff, and which the plaintiff agreed to purchase of defendant when surveyed; that plaintiff took possession and made permanent improvements upon such tract; that it was agreed that said tract was worth fifty dollars per acre; and that the plaintiff was to execute a mortgage on said tract for the balance of the purchase price if any there should be after paying for such services as aforesaid. It was admitted in said defense that the plaintiff did some surveying for the defendant, but it was averred that the same was of no value because it was not accurate or correct, and the answer further alleged that the plaintiff had wholly failed to comply with his part of the contract, and that the defendant at all times stood ready and willing to comply therewith upon his part. Plaintiff replied, denying the matters alleged in the affirmative defense.

A jury trial was had, which resulted in a verdict and judgment in favor of the plaintiff for $130, and the defendant appealed.

There were many disputed questions of fact which must be taken as settled by the verdict in favor of the plaintiff, with one exception, and that is with reference to the agreement on his part to take the tract of land in question. It was contended by the plaintiff upon the trial that he did not agree to purchase said tract of land, and it appears that the contract price for such services by the agreement first entered into was to be paid in money. The defendant contends that this was subsequently changed, and that it was agreed that the plaintiff was to accept said tract of land as alleged by the defendant in his answer. The plaintiff admitted that there had been some negotiations between himself and the defendant regarding his purchase of said land, but he contended that it was only to the effect that he was to accept the land in case the defendant should be unable to pay him in money. Enough elsewhere appears in his own testimony, however, to lead us to believe that he did agree to accept the land, for he testifies that he took possession of it by virtue of such arrangement, and made improvements thereon. No explanation was offered for this in any wise, or attempted, and under the circumstances we think the plaintiff must be held bound by this agreement, if the same was valid, unless he was relieved therefrom by the defendant.

The first point urged is that the plaintiff could not recover upon his cause of action pleaded, but should have brought an action for a specific performance of the contract to convey the five acre tract of land in question. This point was raised upon a motion for a non-suit. It is contended by the plaintiff that the contract to convey said lands was void because it was a parol one, but the part performance thereof by the plaintiff would eliminate this question from the case.

2—7 WASH.

It is further contended that said contract was void because the defendant was a married man, and that the land was the community property of the defendant and his wife, and it was not claimed that the defendant's wife was a party to the contract in any way. It appears from the undisputed testimony that the plaintiff offered to take said tract of land, and had a deed drawn for the same and submitted it to the defendant. Upon the receipt of the deed the defendant took it and went into an adjoining room, and soon returned and said that his wife refused to sign it. The defendant admitted this upon cross examination. It does not appear that the plaintiff had any conversation with defendant's wife with reference to the matter. It is contended by the defendant that there was nothing to show that the land was community property. But we think there was sufficient proof under the circumstances of this case to support the claim that the land was community property. It was understood by the parties that it was necessary for the defendant's wife to execute the deed with him in order to convey title thereto. This much is unquestioned. The defendant does not claim that he offered or tendered a deed executed by himself individually. It is evident that the parties at the time treated the land as being the community property of the defendant and his wife. It is urged by the defendant that his statement that his wife refused to execute the deed was of no moment, and one that the plaintiff was not entitled to rely upon, and that the plaintiff should have demanded of his wife personally that she execute the deed. This objection is a novel one, for certainly the defendant would be bound by his own declaration that his wife refused to sign the deed, and there was proof that he offered that as a reason why the deed to the land in question could not be given.

It is apparent that the plaintiff could not have obtained a specific performance of the contract to convey this land for the reason that the defendant's wife was not a party

thereto, and refused to be bound by it. We must hold
that she did refuse to be bound by it, and to convey the.
land, upon the strength of defendant's statement to that
effect.

It does not appear, nor was there any attempt made by
the defendant to show, that he had authority from his wife
to make the contract in question, and it is settled in this
state that a husband alone cannot enter into a valid con-
tract to convey community real estate, because the law ex-
pressly forbids him from conveying or incumbering the
same, and the attempt to do so places him in the position
of a wrongdoer.

As to whether a party who knowingly contracts with a
husband for the purchase of community real estate which
the wife has not authorized, so that both parties to the
contract stand in the position of wrongdoers in attempting
a willful violation of the law, can maintain an action for
the value of services performed thereunder, is a point as
yet undecided here. It does not appear that the plaintiff
at the time he entered into this contract knew that the land
was community property, and there is not enough shown
to make it appear that he stood in the position of a wrong-
doer.

The point that the plaintiff should have brought an ac-
tion for damages for a breach of the contract to convey
was not raised upon the trial, either in the motion for non-
suit or subsequently, although appellant says in his brief
that if Mrs. Smith refused to sign the deed "then prob-
ably damages should have been the proper action." But
it would not have availed the defendant in any event, for
the agreed value of the land amounted to more than the
plaintiff recovered, so there was no substantial injury.

It was not contended at the trial, nor was it urged upon
this appeal, that the plaintiff should have been limited in
his recovery to the contract price, in that the pay for the

amount of work performed by him should be determined with reference to the contract price for the whole work. There was some testimony to the effect that the work had not been completed.

The next error complained of is with reference to an instruction given by the court to the jury, in substance, that the contract to convey this tract of land was void because the wife of the defendant was not a party thereto. Whatever the law may be upon this subject the error, if any, was harmless. The contract was void to the extent that a specific performance could not be enforced, and the question was immaterial otherwise in this case. It is further urged that said instruction was erroneous because it did not appear that the land was community land, but what we have said before precludes the defendant from raising this objection.

The next error complained of is upon an instruction given by the court with reference to the character of the work done. It was contended by the plaintiff that if there was anything wrong in the survey the defendant was responsible therefor, in that he had given him the starting point, and had told him that a certain county road at one side of the premises was rightly located, and had instructed him to survey from that point, and to be governed by the location of said road, and the court in substance told the jury in this instruction that if they believed the testimony of the plaintiff in this particular that he had a right to rely upon the representations of the defendant with regard to the correctness of this road, and to survey and plat said land therefrom accordingly; and that if they did not believe such testimony then they must further determine, from the evidence in the case, as to whether the work had been properly done and the survey correctly made. We see no error in this instruction.

The next error complained of is, that the court instructed

the jury that the burden was upon the defendant to prove
the contract on the part of the plaintiff to take land in-
stead of money in paying for these services. It is claimed
that this instruction was misleading and wrong when con-
sidered in connection with the one where the court in-
structed the jury that the contract was void because the
wife was not a party thereto. If it could be considered
as erroneous in connection with said other instruction, it
follows from what we have previously said that it was
harmless.

The court instructed the jury that if the contract was
to take land in payment, and the defendant refused to con-
vey, that the plaintiff could recover a money judgment for
whatever sum the jury found he had earned. The defend-
ant alleges that this was erroneous for three reasons: (1)
That the defense was a total failure of consideration by
reason of defective surveying; and it was claimed that the
effect of this instruction was to take away that defense
from the consideration of the jury. We do not think it
could have had any such effect, for the court had elsewhere
instructed the jury with reference to the character of the
work. The second and third reasons urged are that there
was no evidence as to the reasonable value of the work
done, and that the instruction precluded the jury from
using their own knowledge and experience in determining
the value of plaintiff's services. We fail to see any point
in the last objection, and there was proof as to the value
of the services. The case appears to have been tried upon
a double basis without objection. The complaint was
founded upon the specific contract to pay $350 for the
work in question, but the plaintiff's wife testified, and in
fact it was drawn out of her upon cross examination by
the defendant, that the usual price paid to a surveyor for
his services was $10 a day, and she further testified that
was the sum her husband generally received. There

was no objection to this testimony by the defendant, nor any motion made to strike it. This was some proof of the value of such services, and there was testimony as to the number of days that the plaintiff worked. This proof was uncertain and conflicting, but it was for the jury to pass upon and determine.

The last error complained of is with reference to certain statements made to the jury by plaintiff's counsel in his argument of the case. It appears that, during the argument, the judge was for a moment or two absent from his seat, and during this time the plaintiff's attorney, in substance, said to the jury that if they did not find for the plaintiff in this case it would have a disastrous effect in invalidating county roads in that vicinity. Upon the judge's return to his seat the defendant's attorney objected to such statements, whereupon the judge immediately stopped said attorney from continuing said line of argument, and said that he would instruct the jury with reference thereto, and he did instruct the jury to disregard the same. The defendant's attorney did not object to having the trial proceed further in consequence of such improper statements, nor was there any error claimed over the fact that the judge was temporarily absent from his seat. The fact that such improper argument had been made was not set up as a ground for a new trial in the motion for one which the defendant subsequently made. It simply appears that the defendant objected to such a line of argument after the court returned to his seat, and that the court immediately stopped said attorney and compelled him to desist therefrom, and subsequently instructed the jury to disregard the same. Under the circumstances we do not think error can be founded in the premises.

Judgment affirmed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., dissents.