[No. 5018.   Decided January 17, 1905.]

SETH L. CHAMBERLAIN, *Appellant,* v. ROBERT ABRAMS *et al., Respondents.*[1]

FRAUDS, STATUTE OF—ORAL AGREEMENT TO CONVEY LANDS— DAMAGES FOR BREACH OF CONTRACT—TRIAL—NONSUIT ON OPENING STATEMENT. An action for damages for breach of a contract to convey lands, seeking to recover the value of the lands, which had been fully paid for and quitclaimed to the plaintiff by the defendants before they acquired any title, and which the defendants afterward sold to a bona fide purchaser, cannot be maintained and a nonsuit is properly ordered, where it appears from the opening statement of counsel that the agreement to convey was oral, since it is within the statute of frauds.

[1]Reported in 79 Pac. 204.

SAME—QUITCLAIM DEED AS MEMORANDUM OF SALE.  A quitclaim deed is not a sufficient memorandum to take an oral sale of lands out of the operation of the statute of frauds, when the grantors had no title at the time of the conveyance.

SAME—PAYMENT AS PART PERFORMANCE.  Payment of the purchase price is not a sufficient part performance of an oral agreement to convey lands to take the same out of the operation of the ıtute of frauds.

Appeal from a judgment of the superior court for King county, Bell, J., entered June 30, 1903, upon granting a nonsuit upon plaintiff's opening statement to the jury, dismissing an action on contract.  Affirmed.

*William C. Keith* and *Tucker & Hyland,* for appellant, contended, among other things, that, where a verbal contract to convey is made, and a conveyance is made accordingly, the statute of frauds is no defense to an action to recover the price.  *Brackett v. Evans,* 1 Cush. 79.; *Preble v. Baldwin,* 6 Cush. 549; *Linscott v. McIntire,* 15 Me. 201, 33 Am. Dec. 602; *Thayer v. Vils,* 23 Vt. 494; *Morgan v. Bitzenberger,* 3 Gill 350; *Thomas v. Dickinson,* 14 Barb. 90; *Gillespie v. Battle,* 15 Ala. 276; *Gillett v. Knowles,* 108 Mich. 602, 66 N. W. 497; *Michael v. Foil,* 100 N. C. 178, 6 S. E. 264, 6 Am. St. 577.

*Hughes, McMicken, Dovell & Ramsey,* for respondents.

FULLERTON, J.—In this action the appellant sought to recover $4,000, and interest, for a breach of a contract to convey real property.  In his complaint the appellant alleged that on September 4, 1894, the respondents conveyed to him, for the consideration of two thousand dollars, which he then and there paid them, an undivided one-fortieth interest in certain described lands situated

in the county of King. Paragraph 4 of the complaint was as follows:

"That at the last mentioned date the title to the premises above described stood in the name of the state of Washington, and that the same were, and still are, tide lands of the state of Washington, and were at the time of making the said conveyance by defendants to plaintiff, and as a part of the consideration thereof the defendants, and each of them, promised, covenanted and agreed to and with the plaintiff that they, the said defendants and each of them, would well and truly proceed in the capacity of prior improvers and upland owners on the said premises to procure a full and valid title in fee simple from the state of Washington, to the said lands; and further promised, covenanted and agreed, as a part of the conveyance aforesaid, that they, and each of them, would hold in trust, for the use and benefit of said plaintiff, all the lands and premises conveyed, and intended to be conveyed, by the said deed dated September 4th, 1894, up to and including the time that the title to the same in fee simple should have been perfected in plaintiff, according to the aforesaid agreement. That subsequently thereto, and within less than three years prior to the commencement of this action, the said defendants, and each of them, wrongfully, and with the intent to defraud and cheat the plaintiff, conveyed by a good and sufficient conveyance to one S. S. Bailey, all the right, title and interest conveyed to said plaintiff by said defendants by deed dated September 4th, 1894."

It was then alleged that the consideration paid by Bailey to the respondents exceeded the sum of $2,000; that the land was, at the time of such conveyance, and is now, of the value of $4,000; that the appellant, when he learned of the conveyance to Bailey, demanded of respondent an accounting, which was refused him; that Bailey is an innocent purchaser for value of the property; and that, by reason thereof, the lands are wholly and irrecov-

erably lost to appellant. Facts tending to take the case out of the statute of limitations are then alleged, followed by a demand for judgment in the sum above mentioned.

Issue was joined on the allegations of the complaint by appropriate denials, and the cause called for trial before the court and a jury. At the trial, in opening his case to the jury, the appellant stated that the conveyance mentioned in the complaint was a quitclaim deed, and that the agreement referred to in paragraph 4 of the complaint above quoted was an oral agreement. At the conclusion of the statement, the respondent challenged the sufficiency of the appellant's cause of action, on the ground that the agreement set out in the complaint was within the statute of frauds, contending that it was such a contract as must be in writing in order to be enforceable. This contention was sustained by the trial court, and the action dismissed, at the appellant's costs.

In this state it is provided by statute that: "All conveyances of real estate, or any interest therein, and all contracts creating or evidencing any incumbrance upon real estate, shall be by deed;" and that, "A deed shall be in writing, signed by the party bound thereby, and acknowledged by the party making it, before some person authorized by the laws of this state to take acknowledgment of deeds." Bal. Code, §§ 4517, 4518. The appellant concedes that, under these statutes, an oral agreement to convey land or an interest therein cannot be enforced, but suggests a number of considerations which are thought to avoid the statute. He first suggests that his action is not to enforce an oral agreement for the conveyance of land, but is rather in the nature of an action to recover the purchase price of land conveyed pursuant to an oral agreement, where the vendee seeks to defeat payment because

of the invalidity of the agreement. Many cases are cited in which this question was involved where recovery was allowed, but it seems to us that the principle governing their decision is widely different from that governing the case at bar. In the cases cited, the conveyance was made pursuant to the oral contract, and the land itself, or the benefit derived therefrom, was received by the vendee, and the actions were brought to recover the agreed consideration, while here the complaint is, and the whole action is founded upon the fact, that the conveyance agreed upon was never made. In the one, the contract was so far performed as to take it out of the statute of frauds, while in the other, the contract is wholly executory.

Nor does the fact that the appellant is seeking to recover damages for a breach of the contract, rather than to enforce a specific performance, alter the case. Before there can be a recovery in damages for the breach of a contract, there must be an enforceable contract. Damages flow from the violation of legal rights, not for the violation of mere moral obligations, however strong they may appeal to the conscience. Unless the appellant had the legal right at some time to specifically enforce the contract set out in his complaint his present action will not lie.

Nor can it be held that the contract sued upon was so far in writing as to avoid the statute. The instrument of conveyance described in the complaint, which is the only writing pertaining to the contract, was shown by the opening statement to be a quitclaim deed. In this state such an instrument is in no sense an agreement on the part of the grantor therein that he will convey to the grantee any title he may thereafter acquire to the property conveyed, nor does it in any way obligate him to make such a con-

veyance, and, of course, unless it does one or the other, it can not be said to be a contract in writing in which one person agrees to convey to another lands or an interest in lands. Nor does the deed itself pass an after-acquired title. Such a deed is a "good and sufficient conveyance . . . to the grantee . . . in fee of all the then existing legal or equitable rights of the grantor in the premises therein described, but shall not extend to the after-acquired title unless words are added expressing such intention." Bal. Code, § 4521. On no theory or principle, it seems to us, can this deed be said to be a sufficient writing to remove the agreement set out in the complaint from the operation of the statute.

The most favorable view to the appellant that can be drawn from the pleadings, is, that he stands in the position of one who has paid the purchase price of lands upon an oral agreement to convey. But this does not aid him. Payment of the purchase price, either in whole or in part, is not a sufficient part performance of an oral agreement to convey lands to take the agreement out from the operation of the statute of frauds. 2 Story's Equity Jur., § 760; Pomeroy's Contracts (2nd ed.), § 112; Waterman, Specific Perf. of Contracts, § 268; Fry, Specific Perf. of Contracts, § 588; *Forrester v. Flores,* 64 Cal. 24, 28 Pac. 107; *Fulton v. Jansen,* 99 Cal. 587, 34 Pac. 331; *Thompson v. New South Coal Co.,* 135 Ala. 630, 34 South. 31, 93 Am. St. 49; *Parker v. Wells,* 6 Wharton 152; *Gangwer v. Fry,* 17 Pa. St. 491, 55 Am. Dec. 578; *Townsend v. Fenton,* 30 Minn. 528, 16 N. W. 421; *Baker v. Wisewell,* 17 Neb. 52, 22 N. W. 111. See, also, from this state: *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *Sherlock v. Van Asselt,* 34 Wash. 141, 75 Pac. 639; *Graves v. Smith,* 7 Wash. 14, 34 Pac. 213.

Whether an action would lie to recover the purchase money so paid is a question not presented by this record, and need not here be considered.

The judgment is affirmed.

MOUNT, C. J., and DUNBAR and HADLEY, JJ., concur.