[No. 8650.   Department Two.   June 16, 1910.]

GERTRUDE HERKENRATH, *Respondent*, v. MAX RAGLEY, *Appellant*.[1]

FRAUDS, STATUTE OF—AGREEMENTS AFFECTING REAL ESTATE. An oral agreement by a real estate agent having land for sale that if the plaintiff would purchase the land from the owner he would resell it within nine months, or if failing to so do, would refund the purchase price, is not an agreement for an interest in real estate within the statute of frauds.

CONTRACTS—CONSIDERATION. That a real estate agent was enabled to earn his commissions on a sale of real estate is a sufficient consideration for his promise to the purchaser to make a resale within nine months or refund the purchase price.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 24, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Reeves Aylmore* and *J. L. Corrigan*, for appellant.

*Walter S. Fulton* and *Edward Von Tobel*, for respondent.

MOUNT, J.—The respondent brought this action to recover $4,500 with interest. The case was tried to the court and a jury. A verdict was returned in favor of the plaintiff, and a judgment entered for the full amount of plaintiff's claim. The defendant has appealed.

The facts are as follows: The appellant was a real estate agent. He was offering for sale as such agent a piece of real estate for $13,000. The plaintiff was well acquainted with

[1]Reported in 109 Pac. 279.

him, and having some money to invest belonging to her
brother, she went to the appellant and explained that she de-
sired to purchase a piece of real estate in Seattle for $4,500.
The appellant then told her that he had a purchase of $13,000
which could be bought by the plaintiff for $4,500 cash, and
the balance on time. She declined to make the purchase be-
cause she stated she did not have any more money and did not
intend to go in debt. The appellant then told her that, if she
would make the first payment, $4,500, he would resell the
property within nine months and that, if he did not do so, he
would refund the $4,500 with legal interest at the end of that
period, and take the title of the property in himself. Re-
spondent agreed to this, and paid the money to the appellant.
The property was then conveyed by the owner to the respond-
ent, who gave a mortgage back for the balance of the pur-
chase price. The appellant did not sell the property within
the nine months, and thereupon the respondent tendered a
deed to the appellant and demanded a return of the money
which she had given him. There was no written contract be-
tween the appellant and respondent.

Appellant argues that no recovery can be had, because the
contract was an oral contract respecting an interest in lands,
and therefore void within the statute of frauds. *Cham-
berlain v. Abrams*, 36 Wash. 587, 79 Pac. 204, is relied upon
to support this contention. That was a case where the de-
fendant orally agreed to acquire the title to certain lands
and convey them to the plaintiff. The contract there was
clearly a contract for the purchase of lands within the stat-
ute, and for that reason we held that the plaintiff could not
enforce the contract; and, because it was not enforceable, we
held there could be no recovery for its breach. In the case
at bar, the appellant was not a party to the sale of the land.
He was the agent for the seller. The contract between the
appellant and respondent was a collateral contract which
did not affect the title or any interest in the land sold. The
appellant simply agreed that, if the respondent would pur-

chase the land from the owner, appellant would resell it within nine months and, if he failed to do so, he would repay the $4,500 to the respondent. The consideration for this agreement was that the respondent should deliver the $4,500 to him, and title would thereupon be conveyed to her. The appellant would· thereby make a sale and earn his commissions. This was a sufficient consideration for the contract. *Dickinson v. Zubiate Mining Co.* (Cal.), 106 Pac. 123.

In *Little v. McCarter*, 89 N. C. 233, the defendant orally agreed to pay ·plaintiff $100 if plaintiff would purchase a piece of land from a third party for $2,000. Plaintiff purchased the land, and in an action to recover the $100, it was held that the contract was not within the statute of frauds. In *Wetherbee v. Potter*, 99 Mass. 354, where two parties agreed to furnish the money· in equal shares and purchase land at the price of $50,000, one of the parties failed to furnish his share, and the other advanced the purchase price and brought an action to recover the share promised by the defendant, on a count for money paid. The court in that case said:

"The statute of frauds does not apply to such an action, whether brought upon the implied or an express agreement. The obligation to repay money advanced for the use of the defendant is independent of the character of the consideration upon which the advance is made, provided it be not illegal. And if an express promise to that effect be separable from the principal agreement to which it is incident, it may be enforced, although the principal agreement might be avoided. The fact that a certain stipulation is made at the same time, and forms a part of an agreement for the sale of an interest in land, does not prevent an action from being maintained upon it; provided, 1st, that the action does not tend to enforce the sale or purchase of the interest in land, and 2d, that, in other respects, the stipulation is susceptible of being separately enforced by action. Such stipulations, collateral to the sale, but contained in the same contract, have been repeatedly enforced in this commonwealth."

In *Brown v. Hobbs*, 147 N. C. 73, 60 S. E. 716, where the defendant, in order to induce the plaintiff to sell land at a price of $1,500, agreed by parol to pay the plaintiff one-half the amount in excess of $1,500, which he might receive for the land when sold, and the defendant afterwards sold the land for $2,275, in an action to recover one-half the excess over $1,500 it was held that the contract was not within the statute of frauds, but was collateral to and independent of the contract and deed. See, also, *Fraser v. Child*, 4 E. D. Smith (N. Y. Com. Pleas) 153. We are of the opinion in this case that the agreement between the appellant and the respondent falls within the principle of these cases, and was not an agreement for an interest in real estate, but was money advanced by the respondent to the appellant for his use. The title of the real estate might have been taken in the appellant as well as in the respondent. If it had been taken in appellant's name, there could have been no reasonable argument that he was not liable to respondent for money had and received. The fact that the title was conveyed to the respondent instead of the appellant, did not change the relation of the parties with respect to their agreement.

We think, therefore, the judgment was right, and it is affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.