[No. 18793.   *En Banc.*   June 26, 1925.]

# A. N. HENDRY, *Respondent*, v. A. F. BIRD et al., *Appellants*.[1]

FRAUDS, STATUTE OF (57)—DEFENSES — PLEADING — NECESSITY — WAIVER. Where the complaint shows that the action is upon an oral contract which is not to be performed within one year, declared to be "void" by Rem. Comp. Stat., § 5825, it is not necessary to plead the statute of frauds in defense; but the objection can be made to the introduction of any evidence on the ground of the insufficiency of the complaint to state a cause of action.

SAME (7-1, 8)—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—TIME FOR PERFORMANCE. An oral agreement by an employer to buy capital stock in a corporation for the use of his servant, in the sum of $3,000, to be paid in installments of $50 per month, deducted from his wages, is within Rem. Comp. Stat., § 5825, and void, because it is not to be performed within one year (HOLCOMB and PARKER, JJ., dissenting).

SAME (42, 45)—OPERATION AND EFFECT—PART PERFORMANCE. An oral agreement by an employer to buy capital stock in a corporation for the use of his servant, in the sum of $3,000, to be paid in installments of $50 per month, deducted from his wages, is not taken out of the operation of the statute of frauds (Rem. Comp. Stat., § 5825, declaring void oral contracts not to be performed within one year) by the full payment of all the installments.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 31, 1924, in favor of the plaintiff, in an action for specific performance, tried to the court. Reversed.

*Farrell, Meier & Hess,* for appellants.

*Jas. A. Dougan* and *Guie & Halverstadt,* for respondent.

MITCHELL, J.—The amended complaint, on which trial was had, alleges in substance that the defendants are husband and wife; that defendant A. F. Bird at all times mentioned was an officer of the Pure Milk

[1]Reported in 237 Pac. 317; 240 Pac. 565.

Dairy, a corporation of Seattle, and that plaintiff was superintendent of the dairy; that, in December, 1916, the defendant A. F. Bird orally agreed with the plaintiff that he would buy fifty-one per cent of the capital stock of the corporation for the use of the plaintiff and defendant, and further orally agreed that the plaintiff should pay him for one-half of said stock the sum of $3,000, to be paid in installments of $50 each and every month from July, 1917, to July, 1922; that defendant A. F. Bird did purchase the said fifty-one per cent of the stock of the corporation and is now the owner of the same; that plaintiff has fully performed his part of the contract by paying $50 per month and is entitled to one-half of fifty-one per cent of the stock, which defendants refuse to deliver; that the stock to which he is entitled is of the value of $25,000. The prayer of the complaint is to compel the defendants to perform the contract by delivery of the stock, and, in the alternative, for judgment in the sum of $25,000. The answer consists of general denials of all the allegations of the complaint except as to the domestic relation of the defendants, which is admitted. The judgment entered was for the plaintiff as demanded in the prayer of the complaint. Defendants have appealed.

The motion of the respondent to dismiss the appeal on the ground that a supersedeas bond is insufficient is denied.

At the call of the case for trial before the court without a jury, appellants objected to the introduction of any evidence on the ground that this is an action for specific performance of a contract which was not to be performed within a year, and therefore void because of its not being in writing. Counsel for respondent claimed that the statute of frauds had been waived because not plead as an affirmative defense. No application was made to amend the answer at that time or

afterwards. The court refused to sustain the objection, stating that the ruling would be reserved until the evidence was heard. The judgment in effect overruled the objection, which ruling is presented on appeal among the assignments of error.

All the evidence introduced by the respondent in support of the alleged contract was admitted over the objection of the appellants. It was so stated by the court and understood by the parties. One of the principal contentions on behalf of the appellants is that the alleged contract was not proven. The trial court decided otherwise, and upon consideration of all the evidence, in which there is a conflict, we are not able to say that it preponderates against the decision of the trial court in this respect.

As to the beneficial use of the statute of frauds by way of objecting to the introduction of any evidence instead of specially pleading it, an interesting question is presented. The amended complaint sets up an oral contract which by its terms clearly was not to be performed within one year. Section 5825, Rem. Comp. Stat. [P. C. § 7745], says that such a contract is void. Respondent contends that the statute was waived because it was not plead, and cites the cases of *Taylor v. Howard,* 70 Wash. 217, 126 Pac. 423, and *Goodrich v. Rogers,* 75 Wash. 212, 134 Pac. 947. In the case of *Taylor v. Howard* it was stated that the rule that the statute of frauds to be available must be pleaded "is unquestionably the general rule," but that there are exceptions within which it was determined that the case fell, quoting Browne on the Statute of Frauds (5th ed.), § 508, p. 628, as follows:

"To this rule, however, an exception must be made where the plaintiff sues on the common counts, and therefore does not disclose the foundation of his case until he puts in his evidence. Under these circum-

stances, the defendant will be allowed to insist upon this statutory privilege, although his pleading has not in terms done so."

And immediately following that quotation from Browne, that author is further quoted as saying:

"Where the bill alleges only an oral agreement, and the answer denies it, it has been held that this excludes oral proof of the agreement in issue."

The case of *Goodrich v. Rogers* is to the same effect as the *Taylor v. Howard* case. It was a case to recover a commission on the sale of real estate. The plaintiff alleged that the contract was in writing, without setting out the written memorandum. On the trial it appeared that the writing did not conform to the requirements of the statute and objection to it on that ground was met by the plaintiff, who contended that, inasmuch as the defendants had not affirmatively plead the statute, they had thereby waived it. It is then stated by the court that the plaintiff "cites and relies upon the case of *Moses Land Scrip & Realty Co. v. Stack-Gibbs Lum. Co.*, 56 Wash. 529, 106 Pac. 207. In that case, the court quoted the general rule as it appears in the 9 Ency. Plead. & Prac. 705, and respondent rests his case upon that quotation." But the court held that the use of the statute had not been waived, upon the theory that a defendant was not expected to anticipate that the other party would prove a parol contract, that is, one which did not conform to the requirements of the statute, when it was alleged that the contract was in writing.

Our attention is called to the further statement in that case as follows: "If the pleader sets out a contract that is within the statute, the defendant may properly demur or he may answer setting up the bar of the statute." We have no doubt that he may demur on the ground that the complaint does not state facts

sufficient to constitute a cause of action, which would be true because such a contract is declared by the statute to be void. Indeed, that is the precise practice that was followed in *Keith v. Smith,* 46 Wash. 131, 89 Pac. 473, 13 Ann. Cas. 975, that is, the statute was beneficially used by a general demurrer to a complaint on an oral contract to recover a commission for the purchase of real property. But it is because of the statement in the two cases respondent cites of the general rule that the statute will be considered waived if not plead that respondent relies on, the general rule not being necessary, however, to the determination of either of those cases. The general rule referred to is the one quoted in *Moses Land Scrip & Realty Co. v. Stack-Gibbs Lum. Co.,* 56 Wash. 529, 106 Pac. 207, which was a case in which the defendant ''did not plead any defense based upon the statute of frauds, nor does the record affirmatively show that any such defense was urged at the trial.'' The general rule as therein stated, taken from 9 Ency. Plead. & Prac. 705, is as follows:

''While there is no little conflict of opinion regarding the proper mode of taking advantage of the statute of frauds, it may be laid down as a sound and generally accepted rule, with certain exceptions in some jurisdictions, to be noticed hereafter, that unless it appears otherwise that the contract declared on is obnoxious to the statute, the party seeking its protection must specially insist on it in its pleadings. The reason for this rule is obvious. A parol agreement is neither illegal nor void under the law. The statute of frauds requiring the contract to be in writing is simply a weapon of defense which the party entitled may or may not use for his protection. If he does not specially by plea or answer set it up and rely upon it as a defense he cannot afterwards avail himself of its benefits. Thus it has been held that the defense could not be raised for the first time at the hearing, nor in an

instruction; and it is generally held not to be an available defense in an appellate court, unless first set up in the court below.''

Now, this general rule that a party seeking the protection of the statute must insist on it in his pleadings appears, upon a study of the subject, to have been established in consideration of the judicial construction of the terms of the statutes of many of the states taken from the English statute of frauds, and upon the construction given by the courts of England of its statute of frauds upon this particular subject, § 4 of which statute provides that no action shall be brought on certain contracts ''unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him duly authorized.'' That such is the case is made plain by the quotation from 9 Ency. Plead. & Prac. 706, wherein, after stating the general rule, it is then, in a logical and analytical way, immediately said:

''The reason for this rule is obvious. A parol agreement is neither illegal nor void under the law.''

Now, surely that reason does not apply under our statute which says that such contracts *are void*, and just as surely, the reason for the rule failing, the rule upon which it rests fails also. It is this difference in the terms of the statutes of different jurisdictions that gives rise to the ''no little conflict of opinion regarding the proper mode of taking advantage of the statute of frauds.'' Under a statute like ours, such a contract is a nullity. *Scott v. Bush*, 26 Mich. 418. We cannot conceive of such a thing as a contract that is void under the statute, and yet can be the foundation of a legal obligation arising out of nothing else. A complaint on such a contract presents the question of

whether or not a cause of action is stated, which, under our practice, may be raised at any time.

Our statute does not go to the question of the enforcement of the contract but it affects the contract itself. One of the best reasoned cases we have been able to find upon this subject is *Jordan v. Greensboro Furnace Co.*, 126 N. C. 143, 35 S. E. 247, 78 Am. St. 644, wherein the court said:

"It is true the statute of frauds was not specially pleaded in the answer, but the allegations of the complaint in reference to the parol contract of lease were denied, and upon that denial in the answer all testimony offered to prove the parol agreement should have been rejected. That part of our statute of frauds which concerns the lease or sale of land, sec. 1245 of The Code, has changed somewhat the phraseology of the English statute, 29 Charles II, and that change has brought about a different construction on the part of our Court from that of the English courts on the point before us. The courts of England have declared that the substance of contracts within the statute is not affected by the statute, but that whether they are to be enforced or not is dependent upon the enforcement of a rule of evidence, and therefore it is necessary in order to get the advantage of the statute that it should be properly pleaded. Our Court, however, holds that the statute affects the contract itself, and therefore whenever one is required to prove the contract which he seeks to enforce (if it be one within the purview of the statute) he must show that it has been executed in contemplation of the statute, and that by legal evidence. *Gully v. Macy,* 84 N. C. 434. The rule is that 'where the plaintiff declares upon a verbal promise, void under the statute of frauds, and the defendant either denies that he made the promise or sets up another and different contract, or admits the promise and pleads specially the statute, testimony offered to prove the promise is incompetent, and should be excluded on objection.' *Holler v. Richards,* 102 N. C., 545, and cases there cited."

In our opinion, the objection to the introduction of any testimony to prove the contract alleged should have been sustained.

It is contended on behalf of the respondent that the contract was not within the statute of frauds. But we are satisfied it was, under both the pleading and the proof. The pleading is that the $3,000 sale price of the stock was to be paid for at the rate of $50 per month. The respondent testified that, at the time of making the contract, he was about to leave the Pure Milk Dairy and take another job offered him, and that Mr. Bird told him if he would stay that he would procure the stock and sell it to him, to be paid for $50 per month to be taken out of his wages or salary. "The idea to get the stock was this, I was an experienced milkman and Mr. Bird was not and he wanted to hold me so he could hold his job." That is to say, if Hendry would work for the company as Bird wanted him to do because of his experience in the business and pay $50 per month, that Bird would procure and sell to him the stock for $3,000 and take pay for it out of Hendry's wages at the rate of $50 per month. The agreement, by its terms, could not be performed in less than five years, and time was an essential of it from the viewpoint of each of the parties. The statute, Rem. Comp. Stat., § 5825 [P. C. § 7745], is in plain and simple language. It says: "Every agreement that by its terms is not to be performed in one year from the making thereof, etc." It fixes the test, viz.: "by its terms," and certainly *by the terms* of the agreement in this case the contract was not to be performed within one year.

Respondent calls attention to the case of *In re Field's Estate,* 33 Wash. 63, 73 Pac. 768. That case is not in point. It was a case in which Field, a surviving husband, the owner of real property, decided upon probate

proceedings to perfect his title to the property. His contention was that the person selected by him to act and who was appointed as administrator agreed to serve for the sum of $250. The administrator denied the contract and claimed the statutory fees payable to administrators, which were largely in excess of $250; and further contended that, as there was no memorandum in writing of such an agreement, it would be void under the statute of frauds, as an administration under the law then existing could not be completed within one year. The decision was against the administrator on this branch of the case, from which he appealed. This court said of the contention of the administrator that the claim was within the statute of frauds:

"It is, however, strenuously insisted by the respondent that the arrangement which was entered into was not a contract or agreement within the provisions of the statute of frauds; that, under the provisions of our statute, Mr. Field being the only heir to the estate, and there being no debts owing by the estate, he was the only person interested in any way in the estate, and the only one who had a right to petition for the appointment of an administrator; that it was only for the purpose of clearing the title to real estate that the administration in his interest was necessary; that he had a right, before recommending an administrator, to stipulate that such administrator should waive the rights of possession and fees which he was entitled to under the statute, and that the agreement entered into with the administrator was, in substance, only an abandonment by the appellant of a right he might have insisted upon; that there was no specific thing that was done within a year, or in any other time."

Of that contention on the part of Field, this court said:

"It seems to us that there is some merit in this contention; that time was not an essential element of the contract, but that the essential element was the waiving of certain rights."

And later in the opinion this court further said:

"To obtain the privilege of acting as administrator for a reasonable compensation—a privilege which he could obtain only with the consent of Field—the appellant waived certain rights and privileges which are in no way connected with or associated with time."

Another contention of the respondent is that performance on his part has taken the contract out of the statute. That is, that performance on his part entitles him to require the other party to perform as a contract that which a statute positively says is void as a contract. In *Union Savings & Trust Co. v. Krumm*, 88 Wash. 20, 152 Pac. 681, the court said: "The doctrine of part performance, however, has no application to this clause of the statute of frauds." To the same effect, *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225. This statute says also that "an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission" shall be void unless the agreement is in writing and signed, etc. In the case of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, 13 Ann. Cas. 975, a suit to recover a commission on the purchase of real estate, on a contract found to be oral, the court said:

"From its very nature a claim for commission could not be made until earned, and to hold that performance would take an action of this character out of the operation of the statute would nullify the statute itself."

In this state it is provided by statute that "all conveyances of real estate or any interest therein, and all contracts creating or evidencing any incumbrance upon real estate shall be by deed," and that a deed shall be in writing, signed and acknowledged. Rem. Comp. Stat., §§ 10550, 10551 [P. C. §§ 1909, 1910]. These statutes do not say that an agreement with reference to the conveyance or incumbrance of real estate

with less formalities than those required by law shall be void, and yet in the early case of *Chamberlain. v. Abrams,* 36 Wash. 587, 79 Pac. 204, this court, among other things, said:

"The most favorable view to the appellant that can be drawn from the pleadings, is, that he stands in the position of one who has paid the purchase price of lands upon an oral agreement to convey. But this does not aid him. Payment of the purchase price, either in whole or in part, is not a sufficient part performance of an oral agreement to convey lands to take the agreement out from the operation of the statute of frauds. 2 Story's Equity Jur., § 760; Pomeroy's Contracts (2nd ed.), § 112; Waterman, Specific Perf. of Contracts, § 268; Fry, Specific Perf. of Contracts, § 588; *Forrester v. Flores,* 64 Cal. 24, 28 Pac. 107; *Fulton v. Jansen,* 99 Cal. 587, 34 Pac. 331; *Thompson v. New South Coal Co.,* 135 Ala. 630, 34 South. 31, 93 Am. St. 49; *Parker v. Wells,* 6 Wharton 152; *Gangwer v. Fry,* 17 Pa. St. 491, 55 Am. Dec. 578; *Townsend v. Fenton,* 30 Minn. 528, 16 N. W. 421; *Baker v. Wisewell,* 17 Neb. 52, 22 N. W. 111. See, also, from this state: *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *Sherlock v. Van Asselt,* 34 Wash. 141, 75 Pac. 639; *Graves v. Smith,* 7 Wash. 14, 34 Pac. 213."

To the same effect this court, in the case of *Trimble v. Donahey,* 96 Wash. 677, 165 Pac. 1051, said:

"Indeed, if the full consideration had been paid in cash, the contract would still have been void under the statute, and neither an action for specific performance nor for damages would lie, but only a right to recover the money paid. *Swash v. Sharpstein,* 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796."

The contract was void under the statute of frauds.

The judgment is reversed with directions to dismiss the action.

TOLMAN, C. J., MAIN, ASKREN, FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.

HOLCOMB, J. (dissenting)—This was undoubtedly a contract for the sale of goods, wares and merchandise. *Hewson v. Peterman Manufacturing Co.,* 76 Wash. 600, 136 Pac. 1168, Ann. Cas. 1915D 346, 51 L. R. A. (N. S.) 398; *Benner v. Billings,* 107 Wash. 1, 181 Pac. 19. That being so, it could be governed only, if at all, by § 5825, Rem. Comp. Stat. [P. C. § 7745]. The employment of respondent was only incidental. He could have quit his employment at any time, and under the decisions of this court as to corporation employees, the corporation could have discharged him at any time. Notwithstanding that, respondent could have paid the full price for the corporate stock the next day, or at any time within one year after the contract was made; or, if he had died within one year, the contract would have been terminated.

Upon the foregoing propositions the majority decision in effect overrules the decision of this court in *In re Field's Estate,* 33 Wash. 63, 73 Pac. 768, in which this court approved the principles announced by other courts such as *Blanding v. Sargent,* 33 N. H. 239, to the effect that if the contract by its terms, or by reasonable construction, can be fully performed within a year, although it can be done only by the occurrence of some contingency by no means likely to happen, such as the death of some person referred to in the contract, the statute has no application and no writing is necessary.

And as in the *Field* case, *supra,* it seems to me that estoppel applies to appellants in this case. They permitted the stipulated installments to be applied upon the purchase price of the stock monthly until the total purchase price was paid, then, relying upon the statutes of frauds, repudiated the contract.

In my opinion, the respondent was and is entitled to recover, and the judgment of the trial court is right and should be affirmed.

PARKER, J., concurs with HOLCOMB, J.

### ON REHEARING.

[*En Banc.*   November 16, 1925.]

Upon a rehearing *En banc,* a majority of the court adhere to the opinion heretofore filed herein. The judgment is reversed with directions to dismiss the action.