[No. 19559. Department Two. July 2, 1926.]

JAMES TRACY *et al., Appellants,* v. CLAIRE EVELYN BARTON, *Respondent.*[1]

[1] FRAUDS, STATUTE OF (7-1)—AGREEMENTS NOT TO BE PERFORMED WITHIN ONE YEAR. Under Rem. Comp. Stat., § 5825, providing that an agreement which by its terms is not to be performed within one year is void unless in writing, an oral agreement to settle upon government land and make homestead entry and prove up under the homestead laws, which at that time required a residence of five years, is void, where no money was to be paid until the end of such time.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered November 25, 1925, in favor of the defendant, upon dismissal of an action on contract, tried to the court. Affirmed.

*H. E. Peck, H. E. Foster,* and *George Olson,* for appellants.

*Carroll B. Graves* and *F. F. Randolph,* for respondent.

MACKINTOSH, J.—The statement of this case, as it appears in appellants' brief, is that,

"  . . . The complaint alleges that appellants and respondent entered into an oral agreement,

[1]Reported in 247 Pac. 734.

wherein the appellants agreed to purchase for respondent from a third party the improvements made by said third party upon a portion of the public domain, and also secure from such third party his relinquishment of his right of entry or possession of the lands upon which said improvements were made, and to advance to the respondent the funds necessary to pay for such improvements and relinquishment, and after so doing, turn the same over to the respondent to enable the respondent to settle upon the land and acquire title thereto under the homestead laws of the United States. That respondent's name at such time was Claire Evelyn Kearns, and she then and there contracted and agreed that, upon the procurement of title to the improvements and the relinquishment from the third party, the respondent would immediately make entry of said lands and make a settlement thereon and maintain a residence for the statutory length of time in order to acquire title to said property under the homestead laws of the United States, and it was further agreed that the respondent would pay to the appellants for services so rendered, and as soon as title was secured from the government, a sum equal to one-half of the value of the land at the time patent was issued, not exceeding $10,000.''

After trial, the action was dismissed and judgment entered for the respondent.

[1] The statute of frauds bars any right which the appellants may have had to a judgment. Section 5825, Rem. Comp. Stat. [P. C. § 7745], provides that any agreement which by its terms is not to be performed within one year from the making thereof is void, unless the agreement is in writing. Here, it is conceded that there was no writing evidencing the agreement claimed by the appellants to have been made between them and the respondent. The complaint, and the testimony introduced in substantiation of its allegations, show that the respondent was to settle upon the land, so that she could make homestead entry and prove up

under the homestead laws of the United States. The appellant, James Tracy, testified that he understood that the respondent was compelled to reside on the land five years before she could prove up, that he and she both knew that, at the time they made the contract, he received his information to that effect from the government regulations, that his understanding of the contract was that he was to purchase a relinquishment and to pay for the improvements made by the prior settler, and turn these over to the respondent for her use in entering the lands under the homestead law, and that he was not to get any money until she had complied with that law and had obtained title; that he knew that the land was unsurveyed and that it would be at least five years before he would receive his money.

[1] There can be no question but that the contract in conformity with the intent of the parties was under the ban of the statute. This contract was made early in April, 1912, at which time five years' residence and cultivation was required of a homestead entryman before he could make final proof and have patent issued to him. (Rev. Stat., § 2291.) In June, 1912, the period of residence and cultivation was reduced to three years, (U. S. Comp. Stat., § 4352.) We have held that, when no time for the performance of a contract is fixed by the parties, if it nevertheless appears from the surrounding circumstances and, considering the object contemplated by the contract, that the parties intended that it should extend over a year, recovery could not be had upon it, unless in writing. *Union Sav. & Trust Co. v. Krumm*, 88 Wash. 20, 152 Pac. 681; *Hendry v. Bird*, 135 Wash. 174, 237 Pac. 317, 240 Pac. 565. In the latter case it was distinctly held that such a contract was illegal and void, unless in writing. Under the law, performance of the parol contract could not be had

within a year, and this of necessity brought the contract within the statute. *Frary v. Sterling,* 99 Mass. 461. Appellants contend, however, that the statute of frauds is not applicable, where the time of performance in the contract is indefinite, if it was capable of being performed within one year. *Tonkoff v. Roche Fruit & Produce Co.,* 137 Wash. 148, 242 Pac. 3. But the contract here pleaded and testified to was not one which was capable of performance within a year, and the parties so knew and did not intend that it should be performed within a year, and, as already stated, it could not under the law have been performed within that time.

The trial court was, therefore, correct in dismissing the appellants' action, and the judgment is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.