[No. 18275.   Department Two.   January 28, 1924.]

E. T. CHAPIN, *Respondent*, v. AMERICAN CAN COMPANY, *Appellant*.[1]

APPEAL (454)—REVIEW—HARMLESS ERROR—FACTS OTHERWISE ESTABLISHED. Error in the admission of evidence is without prejudice, where the same fact was established by other evidence.

CONTRACTS (82)—CONSTRUCTION—SUBJECT MATTER—ACTS TO BE DONE. A manufacturing company breaching its contract to sell and deliver patented motor sets to authorized agents of the patentee, cannot escape liability because the contract appointing the agent in territory in one state was modified to assign him territory in another state, where it had notice of the modification.

CONTRACTS (154)—BREACH OF CONTRACT—ACTS CONSTITUTING. A manufacturing company's contract to sell and deliver patented motor sets which it was to manufacture and assemble, is breached by furnishing defective sets, the price of which it must return.

DAMAGES (74)—BREACH OF CONTRACT—EXPENSES INCURRED. On the breach of a contract, the cost of a premium on the fidelity bond of a man employed to create a market for goods, is recoverable as a necessary expense in preparing to perform the contract.

INTEREST (7)—DEMANDS NOT LIQUIDATED. On the breach of a contract, the plaintiff is not entitled to recover interest on expenses incurred and for loss of time, where the amounts were not ascertainable by a computation.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 9, 1923, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on contract. Modified as to interest.

*Danson, Williams & Danson, Tenney, Harding & Sherman (R. E. Lowe, of counsel)*, for appellant.
*Randall & Danskin*, for respondent.

BRIDGES, J.—This and *Lloyd v. American Can Co., ante* p. 298, 222 Pac. 876, the decision in which has just

[1]Reported in 222 Pac. 882.

been handed down, are companion cases. We refer to the *Lloyd* case for a statement of the facts. Most of the questions involved here have been determined in that case. There are, however, a few questions involved here that were not in that case.

(1) Appellant contends that it was error for the trial court to permit the respondent to testify that the president of the appliance corporation had informed him at the time he was appointed agent that an arrangement had been made by the appliance corporation with the appellant whereby the latter should furnish to the agent the Duzz-all motor sets, and that appellant had authorized the appliance corporation to deliver the contract, exhibit D. If there was any error in receiving this testimony, it was without prejudice because exhibit D shows upon its face the very facts to which the witness testified.

(2) The respondent was first given San Francisco county, California. Later a modification of his contract was made and he was given certain territory in the state of Oklahoma. It is claimed that the appellant should not be held liable for anything that occurred on account of the Oklahoma territory. Plainly, this is wrong. If the appliance corporation was authorized to give the respondent territory in one state, it was also authorized to modify that contract and give him territory in another state. While it does not appear from the evidence that the appellant was notified by the appliance corporation that there had been a change of territory, yet it is shown that it knew that a change had been made because it received letters from the respondent showing that he was working in the Oklahoma territory and it also shipped motor sets to him there.

(3) Four hundred and seven dollars were allowed to the respondent because of a certain number of de-

fective and unusable motor sets which had been shipped to him. There seems to be no dispute about these sets being defective. Appellant claims that it should not be liable for defects because under its contract it was only to assemble and ship sets. Such, however, is not the fact. The contract expressly provided that appellant was to manufacture some portions of the sets. But if it was only required to assemble and ship, it would still be required to deliver sets reasonably fit for the purposes for which they were sold. The testimony, as we understand it, shows that respondent returned these defective sets after having paid for them, and it seems plain that, under these circumstances, he is entitled to the return of his money and that is the purpose of this item.

(4)  We are also of the opinion that the item of $810.07 which was allowed to respondent on account of expenses in preparing for the performance of the contract was properly allowed.

(5)  The respondent employed a man by the name of Filler as his agent whose duty it was to create a market for these sets and to assist in forming an organization for the purpose of selling them. He gave to the respondent a bond for the faithful performance of his work, the premium on which was $75, which the respondent agreed to pay. It seems to us that this also is an item properly expended as a part of the reasonably necessary expenses and was properly allowed.

(6)  The amount recovered by the respondent for expenses incurred was $2,335.44, and interest was allowed on this item, and the amount allowed for loss of time was $500 with interest. Under our holding in the *Lloyd* case, the judgment must be reduced by the amount of the total interest on these two items, which amount is $520.30.

With the judgment modified to deduct this last named sum, it is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and PEMBERTON, JJ., concur.