[No. 18292.    Department One.    March 18, 1924.]

## J. E. KEYES, *Appellant*, v. CITIZENS STATE BANK OF AUBURN *et al.*, *Respondents.*[1]

CORPORATIONS (164)—REPRESENTATION BY OFFICERS—ESTOPPEL TO DENY AUTHORITY—ACCEPTANCE OF BENEFITS. A corporation having secured the completion of a building, through the act of its president in releasing an escrow deposit which the company had put up to insure such completion, cannot assert that the president was not authorized to make the release, having taken the benefits thereof.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 23, 1923, upon findings in favor of the defendants, in an action to recover a deposit in escrow, tried to the court. Affirmed.

*L. H. Wheeler* and *Vince H. Faben,* for appellant.
*Wright, Kelleher, Allen & Hilen* and *Knickerbocker & Agee,* for respondents.

MACKINTOSH, J.—David Hart, Incorporated, owned some land at Auburn, upon which the corporation known as the Pacific White Mica Company desired to erect a building. An agreement was entered into between the two corporations whereby David Hart, Incorporated, conveyed the land to the Pacific White Mica Company by deed which was placed in escrow with the Citizens State Bank. The respondent Citizens State Bank was later succeeded by respondent Auburn National Bank, and we will refer to them hereafter as though they were one concern.

The terms of the escrow were that the deed was to be delivered to the mica company upon its completion of the building, and to insure such completion the mica

[1]Reported in 224 Pac. 2.

company deposited $1,000 in cash and four thousand shares of its treasury stock. If the building was not completed the deed was to be returned to David Hart, Incorporated, together with the four thousand shares of stock and the $1,000 in cash.

The mica company entered into a contract with a builder for the construction of the building, this contract providing that, on the completion of the building, the escrow deposit made by the mica company should be paid to the contractor as part of his compensation. Difficulty developed in securing sufficient funds for the erection of the building, and the contractor made an effort to secure from a lumber company and a hardware company materials for the building. These materialmen refused to supply the materials, for the reason that they could not see where they were to receive their pay. Thereupon the contractor, together with the president and manager of the mica company, called upon these materialmen and it was suggested that if the money which was deposited by the mica company in escrow could be made available for the bills, the material would be furnished. It was then agreed that the contractor and the mica company would release their interest in the mica company's escrow deposit and that the $1,000 could be used in payment of the lumber and hardware bills. Thereupon an assignment was made in accordance with this arrangement, and the respondent was authorized to deliver, upon the completion of the building, $500 to the lumber company and $500 to the hardware company as part payment of the material furnished by them. David Hart, Incorporated, executed a release of any interest it might have in the funds on deposit. The lumber company furnished material to the value of $1,250, and the hardware company material to the

value of $1,130.   They demanded their payment from the escrow fund and the bank accordingly paid each company $500.

The building having been completed and the mica company entitled to a deed, it assigned its interest in the escrow deposit to the appellant, who seeks to recover from the bank, principally upon the ground that the president of the mica company had no authority to enter into the contract to assign the $1,000, and also raises the question of the statute of frauds.   The trial court heard the witnesses and determined that the appellant had no cause of action, and we find nothing in the record to preponderate against the lower court's findings.   Whether the president of the mica company had actual authority or not to assign the company's interest in the deposit is of very little moment, for by his actions the mica company was enabled to secure the completion of the building, which otherwise it could not have secured, and the company cannot now assert lack of authority after having taken the benefit of what it now contends was the unauthorized actions of its president, and cannot now repudiate that action. *Brundage v. Home Savings & L. Association,* 11 Wash. 277, 39 Pac. 666; *Beck v. Boucher,* 114 Wash. 574, 195 Pac. 996.   The testimony shows that the president of the company was also its general manager and that he had, as a matter of fact, full authority to do what was done.   We find no merit in the other assignments of error.   The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and PEMBERTON, JJ., concur.