[No. 18481.  Department Two.  December 19, 1924.]

ISABELLA MACDONALD, *as Administratrix etc., Respondent*, v. JOHN POTTS *et al., Appellants.*[1]

LANDLORD AND TENANT (135)—UNLAWFUL DETAINER—NOTICE TO QUIT—AGRICULTURAL LANDS. A notice to terminate an agricultural lease is governed by Rem. Comp. Stat., § 813, providing for a notice within sixty days after expiration of the lease, notwithstanding Id., § 812, providing a different notice for such leases generally, if the lease is one from year to year.

FRAUDS, STATUTE OF (11, 42)—LEASES—PART PERFORMANCE. Upon a controversy over a tenancy under a written lease requiring the lessee to "plow, summerfallow and harrow one-half of the land," the doing of such work cannot be considered as a part performance of an alleged subsequent oral lease to take it out of the operation of the statute of frauds, avoiding oral leases for more than one year.

COSTS (33)—ITEMS RECOVERABLE—PREMIUM ON BOND. Plaintiff, recovering damages in an action of unlawful detainer, is entitled

[1]Reported in 231 Pac. 164.

to costs of $100 paid as a premium on the sheriff's indemnity bond, under Rem. Comp. Stat., § 7247, providing for an allowance of a reasonable sum therefor, and Id., § 4172, providing that the sheriff may require an indemnifying bond before serving any civil process.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered July 6, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for unlawful detainer. Affirmed.

*LeRoy McCann,* for appellants.

*Troy & Yantis,* for respondent.

PEMBERTON, J.—On October 24, 1922, this action for unlawful detainer was instituted to secure possession of certain farm lands. These lands were leased by the husband of respondent, James MacDonald, now deceased, on October 1, 1915. The lease is long and many of the blanks are not filled in, one of these blanks being for the term of the rental for —— years from the 1st day of October, 1915. This action is prosecuted by Isabella MacDonald in her own right and as administratrix of the estate of James MacDonald, her deceased husband. On August 26, 1922, the respondent served on the appellant John Potts a notice requiring appellants to surrender the premises on October 1, 1922, at the expiration of the lease year. On October 16 respondent, as administratrix and in her own right, served the appellants with notice to surrender the leased premises immediately. A demurrer to the complaint was overruled and certain portions of the answer and of three amended answers thereafter filed were stricken. Judgment thereafter, upon a verdict of the jury, was rendered in favor of the respondent and damages assessed in the amount of $50.

It is the contention of appellant that the notices served were not sufficient; that the contract created a common law tenancy from year to year for an indefinite period, and notice should have been given as

provided in subd. 2, § 812, Rem. Comp. Stat. [P. C. § 7970]. It is the contention of respondent that the notice was sufficient under § 813, Rem. Comp. Stat. [P. C. § 7971], providing for notice within sixty days after the expiration of an agricultural lease. Even though it might be determined that the leasehold, under the terms of the contract, was from year to year, this being agricultural land, a notice given under the provisions of § 813, *supra,* is sufficient.

It is contended that the court erred in striking the following allegation from the second amended answer:

"That during the summer of 1922, and prior to August, 1922, a controversy arose between plaintiff as administratrix of the estate of James MacDonald, deceased, and defendants concerning the tenancy of defendants touching the land in said complaint described; that in consideration of the settlement of said controversy and the rents reserved for the benefit of plaintiff, and the continued tenancy of defendants it was agreed that defendants should remain on the land and premises in said complaint described for another crop year, commencing at the termination of the then present crop year, and that as rental defendants should yield to plaintiffs one-third of all grain grown upon said premises; that pursuant to said agreement and in furtherance thereof, defendants summer-fallowed 500 acres more or less of the lands and premises in plaintiff's complaint described, and otherwise cultivated the same; that said summer-fallowing and cultivating of said premises was an improvement upon said lands and premises which was made pursuant to the terms of said agreement entered into as aforesaid, and increased the value of said land; that defendants have performed all covenants and conditions in said agreement by them to be performed, and are eager, willing and able to perform said agreement in each and every particular and detail; that said plowing, summer-fallowing and cultivating aforesaid so done by defendants pursuant to said oral agreement were done with the knowledge and consent of plaintiff, and

plaintiff concurred therein and approved the same; and said plaintiffs had knowledge and notice that said summer-fallowing done as aforesaid was in furtherance of said agreement.''

The lease agreement provides that ''second party agrees to plow, summer-fallow and harrow one-half of all land leased.'' This work was required under the terms of the written lease and cannot be considered as part performance under the alleged oral lease agreement. This oral lease agreement entered into in August for more than one year was void under § 8802, Rem. 1915 Code (§ 10618, Rem. Comp. Stat.) [P. C. § 3553], and there was no part performance sufficient to take it out of the statute of frauds. This portion of the second amended answer was properly stricken.

It is contended that the trial court improperly allowed $100 premium on an indemnity bond. Rem. Comp. Stat., § 7247 [P. C. § 3121], provides as follows:

''     .     .     .     the party entitled to recover costs may include therein such reasonable sum as may have been paid such company for executing or guaranteeing any such bond or undertaking therein as may be allowed by the court or judge before whom the action or proceeding is pending.     .     .     .     ''

Section 4172, Rem. Comp. Stat. [P. C. § 1801], provides:

''No sheriff, deputy sheriff, or coroner shall be liable for any damages for neglecting or refusing to serve any civil process unless his legal fees and an indemnifying bond, if he requires one, are first tendered him.''

The law requires an indemnity bond to be furnished. The trial court found that the amount of the premium was reasonable, and it was properly allowed.

The judgment of the trial court is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PARKER, JJ., concur.