[No. 20074. Department Two. December 21, 1926.]

CHARLES EVAN FOWLER, *Appellant*, v. HENRY L. GRAY
et al., *Respondents*.[1]

[1] COSTS (35)—ITEMS—DEPOSITION IN PARTY'S BEHALF. A party's
deposition in his own behalf is not properly taxable as costs
under Rem. Comp. Stat., § 482.

[2] INTEREST (7)—DEMANDS NOT LIQUIDATED. Interest on an un-
liquidated demand for the reasonable value of services per-
formed is not allowable prior to judgment.

Cross-appeals from a judgment of the superior court
for King county, Paul, J., entered November 2, 1925,
upon findings in favor of the plaintiff, in an action upon
contract, tried to the court. Affirmed.

*Murphy & Kumm* and *Charles L. Harris*, for plain-
tiff-appellant.

*Stephen V. Carey* and *James N. Hamill*, for defend-
ants-appellants.

MACKINTOSH, J.—The plaintiff is desirous of obtain-
ing from the defendants $2,850 for services rendered
under a contract which he claims existed between them,
and $5,700 loss of profits, as damages for the breach
of that contract by the defendants. The alleged con-
tract was one relating to the construction of a bridge
over the Columbia river between the states of Wash-
ington and Oregon. The plaintiff, who is a consulting
bridge engineer, claims that he made a contract
whereby he assumed the responsibility of the construc-
tion of the proposed bridge, and rests his claim of con-
tract upon a correspondence between himself and the
defendants which consists of more than fifty letters
and telegrams. The trial court held that there was no

[1]Reported in 251 Pac. 570.

contract of employment, denied the plaintiff's claim
for damages for breach, and awarded him $2,850 as
the reasonable value of the services which he actually
performed. The plaintiff, being dissatisfied because
he did not receive a larger judgment, and the defend-
ants, being dissatisfied because any judgment what-
ever was rendered against them, have both appealed.

A study of the letters and telegrams leads to the
same interpretation of them here as that which was
given them by the trial court, and that is that they did
not evidence a meeting of minds upon a definite pro-
posal and acceptance, and consequently that no express
contract existed. Even to present a summary of the
contents of these documents would be to consume
needless space, for the recitation would serve as no
precedent in any other litigation, and it must be enough
to state what, in our opinion, is their ultimate effect.

Upon the defendants' appeal, in which they pro-
test against the allowance of any compensation what-
ever to the plaintiff, it is also sufficient to say that
the record sustains the trial court in finding that the
reasonable value of the services which were actually
performed was in the amount of $2,850, being one per
cent upon the estimated cost of the bridge. That this
was the reasonable and usual fee charged for such
services by members of the engineering profession was
testified to by qualified and eminent members of that
profession, and we find no reason for altering the
judgment in this respect.

[1] The plaintiff also objects to the refusal to
allow him to tax as costs the expense of taking his own
deposition. On this question this court has held that
parties are not entitled to witness fees (*Ham, Yearsley
& Ryrie v. Northern Pacific R. Co.,* 107 Wash. 378,
181 Pac. 898), and it would seem to follow therefrom

that a party's deposition in his own behalf is not properly taxable as costs under Rem. Comp. Stat. § 482, [P. C. § 7463].

[2]    The plaintiff also complains of the court's refusal to allow him interest from the date that he instituted his action. We have long held that interest on an unliquidated demand is not allowable prior to judgment. *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837; *Locomotive Exchange v. Rucker Brothers,* 106 Wash. 278, 179 Pac. 859; *Lloyd v. American Can Co.,* 128 Wash. 298, 222 Pac. 876; *Chapin v. American Can Co.,* 128 Wash. 316, 222 Pac. 882.

Being satisfied that the judgment entered is correct in all respects, it is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.