[No. 20475. Department One. September 1, 1927.]

DEAN SKOUG, *Respondent*, v. HARRY J. MINTON, *Appellant*.[1]

[1] WITNESSES (101) — IMPEACHMENT — CROSS-EXAMINATION TO DISCREDIT WITNESS. In a personal injury case, in which the defendant called a physician who gave evidence material to the defense, it is proper to allow cross-examination to show that he was employed by an insurance company to treat the plaintiff, as affecting his credibility.

[2] APPEAL (454) — REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE — FACTS OTHERWISE ESTABLISHED. Prejudicial error cannot be predicated on the admission of evidence that the defendant carried accident insurance, where the same fact was afterwards established by competent evidence.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered July 2, 1926, upon the verdict of a jury rendered in favor of the

[1]Reported in 259 Pac. 15.

plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Lund & Dodd,* for appellant.

*Powell & Herman,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff in the sum of two thousand dollars. A motion for new trial being made and overruled, judgment was entered upon the verdict, from which the defendant appeals.

On the morning of February 18, 1926, as the respondent alighted from a street car, he was struck by an automobile owned and operated by the appellant and sustained the injuries for which recovery is sought. Immediately after the accident, the appellant took the respondent into his automobile and they proceeded to the police station, where a report of the accident was made. The appellant then drove the respondent to his place of employment, neither of them at that time believing that the injuries were very serious. At this time, as shown by the testimony of the respondent, the appellant stated to him that, if his feet bothered him, to come to a certain drug store and he would give him liniment with which to rub them. A few days later, the respondent's feet having swollen and become painful, he with his brother went to the drug store and one of them stated to the appellant that the respondent's feet were worse and they wanted liniment for the purpose of treating them. In reply to this, the appellant stated, in substance, you will now have to go and talk to the insurance company, and gave them a certain address. Over objection, both the brothers were permitted to testify that they went to this address and, as

a result thereof, Doctor J. E. Hoyt was employed to treat respondent. After the respondent had rested, the appellant called Doctor Hoyt as one of his witnesses and, in direct examination, he gave testimony material to the defense. On cross-examination, over objection, he was permitted to testify, in substance, that he was employed by the representative of the insurance company to treat the respondent.

[1] The only question is, whether the testimony which brought the insurance company into the case requires a reversal of the judgment. Taking up first the evidence as to the insurance company, which came out on the cross-examination of Doctor Hoyt who, upon his direct examination, had given evidence material to the appellant's side of the case, under the holdings in the cases of *Moy Quon v. Furuya Co.*, 81 Wash. 526, 143 Pac. 99, and *Rust v. Washington Tool & Hardware Co.*, 101 Wash. 552, 172 Pac. 846, the cross-examination was not improper. The respondent had a right to interrogate the witness with reference to the issue being tried and his interest in the result, as affecting his credibility.

Even though the testimony was improper, a question which we do not here determine, when it originally came into the case as a part of the testimony offered on behalf of the respondent, under the holding in the case of *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59, and other like cases, it does not follow that the judgment should be reversed for that reason. The fact having been properly made to appear later in the trial, the previous error, if any, would not be prejudicial. It has been repeatedly held by this court that error in the admission of evidence is without prejudice, where the same fact was established by other evidence which was competent. *Chapin v. American Can Co.,* 128 Wash. 316,

222 Pac. 882; *State v. Pattison,* 135 Wash. 392, 237 Pac. 1000, 241 Pac. 966; *Roscoe v. Everett,* 136 Wash. 295, 239 Pac. 831.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.