[No. 23429. Department Two. March 31, 1932.]

N. C. WEAVER, *Respondent*, v. GENERAL METALS MERGER, *Appellant*.[1]

[1]Reported in 9 P. (2d) 778.

452

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Morris & Dubuar,* for appellant.
*Philip Tworoger,* for respondent.

MAIN, J.—This action was brought to recover the balance due for services performed and for which payment had not been made. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that a recovery could be had. Judgment was entered in favor of the plaintiff and against the defendants General Chemical Company of America, General Metals Merger, the marital community composed of E. A. Gabryel and Zoe Gabryel, his wife, and against the defendant E. A. Gabryel individually, for the sum of $575. The action as to the defendant the General Bond and Share Corporation was dismissed. From the judgment entered, the defendant General Metals Merger alone appeals.

The facts as found by the trial court, so far as here material, may be summarized as follows: The appellant, General Metals Merger, as well as the General Chemical Company of America and the General Bond and Share Corporation, were corporations organized under the laws of this state, and each had its principal place of business in Seattle, in the same offices. March 27, 1929, an agreement was entered into between the respondent, N. C. Weaver, the General Chemical Company of America and the General Bond and Share Corporation, in which it was provided that the respondent would be employed

" . . . for the next two years at a salary of three thousand dollars a year cash, . . . said cash

salary to be paid at the rate of two hundred fifty dollars a month . . . , and said second party hereby agrees to such employment.''

At the same time and on the same date, an agreement was entered into between the respondent and E. A. Gabryel whereby the latter agreed to

" . . . guarantee the cash salary of two hundred fifty dollars a month to the second party [Weaver] for a period of six months at any time said General Chemical Company of America fails to pay said second party, through breach of contract, insolvency or otherwise, during his two year contract of employment.''

The respondent entered upon the employment June 15, 1929. E. A. Gabryel was the president of the three corporations mentioned, was in charge and had control of all their affairs.

Prior to June 15, 1929, the General Chemical Company of America had become insolvent. E. A. Gabryel, on or about that date, acting as president of the General Metals Merger, the appellant, and for and on its behalf,

" . . . agreed with the plaintiff [respondent] that the written contract with the General Chemical Company of America would be transferred to the General Metals Merger, and that he should continue in the employ of the defendant General Metals Merger upon the same salary and upon the same terms and conditions; that plaintiff agreed to the same, continued in the same employment thereafter and received pay for the full amount of June and was to receive $250 per month thereafter.''

The board of trustees of the appellant corporation, during all the time between March, 1929, and November, 1929, consisted of E. A. Gabryel, Zoe Gabryel, his wife, and one A. G. Schonaker,

" . . . all of whom were at all times in the office of the defendant corporation [appellant] and while the plaintiff [respondent] was doing work for the General Metals Merger.''

The respondent remained in the employment until September 9, 1929, when he resigned. As above stated, the action was to recover the balance due for salary, and there was a judgment in favor of the respondent in the sum of $575, together with interest from the 9th day of September, 1929.

It is contended that the facts, as found by the trial court, are not supported by a preponderance of the evidence. Upon a number of material matters, the testimony offered was in direct conflict. After reading and giving consideration to all of the evidence, as it appears in the record, we are of the opinion that the trial court correctly viewed the facts, and that the evidence does not preponderate against the court's findings.

It is next contended that the oral agreement by which it was agreed that the respondent's contract of employment should be transferred to the appellant, and that he should continue in the employ of that corporation upon the same terms and conditions, was void by reason of the statute of frauds. Section 5825, Rem. Comp. Stat., provides that (1) every agreement that by its terms is not to be performed within one year from the making thereof

" . . . shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith.''

The contract in question by its terms was not to be performed within one year, and the transfer of it to the appellant was not in writing, but was oral. The statute, however, does not prevent a recovery in this case, because the services were actually performed,

and for such services recovery may be had upon a *quantum meruit.* In such a case, the value of the services is measured by the sum fixed in the contract. Upon this question, in *Union Savings & Trust Co. v. Krumm,* 88 Wash. 20, 152 Pac. 681, it was said:

"It is, however, the rule in such cases that a party performing services under a contract void as in contravention of the one-year statute of frauds may recover for the work actually performed on a *quantum meruit,* and the value of the services are measured by that fixed in the contract. This, on the principle that one who has accepted the benefit to the extent of the work performed is estopped to deny the liability. This is carrying the doctrine of estoppel as far as it can be carried in such a case without abrogating the statute."

The services having been performed, the respondent had a right to recover for the same, notwithstanding the fact that the contract was transferred to the appellant orally.

█ It is next contended that, if the oral agreement mentioned was made by Gabryel, he did so without authority, and it was not binding upon the appellant. Upon this question, it is sufficient to say that the trial court found, and the evidence shows, that the appellant had received the benefit of the services of the respondent, and it will not now be heard to say that it should not pay for the same. *McKinley v. Mineral Hill Consolidated Mining Co.,* 46 Wash. 162, 89 Pac. 495; *Keyes v. Citizens State Bank,* 128 Wash. 658, 224 Pac. 2.

It is next contended that the respondent was not entitled to recover upon the theory of *quantum meruit.* This contention is answered by the excerpt above quoted from the case of *Union Savings & Trust Co. v. Krumm,* 88 Wash. 20, 152 Pac. 681, and no further elaboration appears to be necessary.

█ There is the further contention that, in any

event, interest prior to the entry of the judgment was improperly allowed. It is, of course, the rule that interest on an unliquidated demand for the reasonable value of services performed is not allowed prior to judgment. *Fowler v. Gray,* 141 Wash. 372, 251 Pac. 570; *Smith v. Saulsberry,* 157 Wash. 270, 288 Pac. 927.

But that rule is not applicable in the present case, because, as already pointed out, the value of the services was "measured by that fixed in the contract." The amount fixed in the contract was a definite sum, and evidence to establish the reasonable value of the services rendered was not required. *Rood v. Horton,* 132 Wash. 82, 231 Pac. 450.

The appellant makes some other contentions which we have considered, and, in our opinion, none of them has substantial merit. It does not seem necessary to give to these contentions specific consideration.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, and MILLARD, JJ., concur.

BEALS, J. (dissenting)—I agree with the majority that respondent must recover, if at all, upon a *quantum meruit*. An examination of the record convinces me that the same contains no evidence which will support a recovery in respondent's favor and against appellant upon that theory. The respondent himself testified that he remained in the employ of the appellant *and of the defendants, General Chemical Corporation of America and E. A. Gabryel,* until September 9, 1929, and that, during all of this period, he continued to work for the three parties mentioned, doing such work as he was requested to do. Under this state of facts, in my opinion, the rule laid down in the case of *Union Savings & Trust Co. v. Krumm,* 88 Wash. 20, 152 Pac. 681, that the value of the services should be measured by the amount fixed in the contract, does not apply.

In my opinion, the record contains no evidence which supports a judgment in respondent's favor and against appellant upon the principle of *quantum meruit,* and I accordingly dissent from the conclusion reached by the majority.