[No. 24201.   Department Two.   January 5, 1933.]

SUNSET PACIFIC OIL COMPANY, *Respondent,* v.
C. A. CLARK *et al., Appellants.*[1]

[1]Reported in 17 P. (2d) 879.

*Pearson & Potts, C. F. Schlosstein*, and *William H. Grimm*, for appellants.

*Meier & Meagher, Ronald W. Meier*, and *Gus L. Thacker*, for respondent.

STEINERT, J.—This action was instituted by Sunset Pacific Oil Company against C. A. Clark and wife to recover a balance of $5,955.95 alleged to be due on an account growing out of the sale and delivery of gasoline and other petroleum products by plaintiff to defendant Clark. The complaint alleged a sale and delivery of goods, wares and merchandise according to a detailed statement of account thereto attached as an exhibit, which also itemized the payments made thereon.

The answer admitted the sale and delivery of the goods, but denied that the exhibit was a true and accurate account of the transactions between the parties, or that there was anything due or owing to the plaintiff from the defendants. By an accompanying and included cross-complaint, the defendants pleaded five causes of action, the first of which was also made an affirmative defense, against the plaintiff. In the first cause of action, it was alleged that, on February 3, 1930, plaintiff and defendant C. A. Clark entered into a written contract, a copy of which was made a part of the pleading by reference, wherein said defendant became the exclusive sales agent for plaintiff's products in Lewis county for a period of five years, which, by supplemental agreement, was extended for an additional period of five years. The contract was comprehensive in its terms and conditions, and was explicit as to the prices to be paid by the defendant for the gasoline and other petroleum products supplied by plaintiff.

It was further alleged in the cross-complaint that, before either of the parties had entered upon the performance of the contract, it was modified by an oral agreement in which defendant agreed to purchase additional equipment for the expansion and promotion of the business, to the mutual interest of the parties, and that, in consideration therefor, plaintiff agreed to allow defendant certain reductions in the price of gasoline sold and distributed by him; that defendant performed his part of the agreement, as modified, but that plaintiff refused to give defendant credit for the reductions in price, considered as additional commissions, amounting to $6,889.50, and further refused to render any accounting therefor upon defendant's repeated demands.

The second cause of action alleged a further oral modification of the written contract, in that plaintiff agreed that, if defendant would secure a certain other valuable retail gasoline agency in Lewis county, he would be allowed an additional reduction in price on all gasoline sold by defendant to such agency; that defendant performed his part of such agreement, and was, by reason thereof, entitled to a further credit, or commission, amounting to $476, which plaintiff refused to allow. The third cause of action alleged an over-charge of $882.35 upon certain shipments of gasoline between specific dates mentioned. The fourth cause of action alleged that there was due the defendant, upon various credit memoranda, gas coupons and freight invoices, the sum of $1,329.90. The fifth cause of action sought the recovery of damages from plaintiff in the sum of $105,000 for breach of contract by plaintiff and its refusal to further supply defendant with its gasoline and other petroleum products.

The reply admitted the execution of the written

contract, but denied the other allegations of the cross-complaint. The reply further alleged that plaintiff cancelled the written contract because defendant had failed and refused to make payments thereunder as agreed. By a supplemental complaint, plaintiff sought to increase the amount of its recovery from $5,955.95 to $7,114.15, on account of a gasoline tax imposed by the state of Washington, which, it was alleged, the defendant had agreed to pay.

Issues having been joined, the cause was tried before the court without a jury, resulting in a judgment for plaintiff in the full amount prayed for and dismissing the cross-complaint. Defendants have appealed.

The appellants' first assignment of error is to the court's refusal to allow a trial by jury. After the answer and cross-complaint had been filed, appellants made the statutory demand for a jury trial. Respondent subsequently moved for a trial before the court without a jury. Argument having been had upon the demand and motion, the court filed a memorandum decision stating that it was apparent, under the pleadings, that an accounting was being sought. An order granting respondent's motion for trial without a jury was accordingly entered, to which appellants excepted.

In determining the nature of an action, the court looks to the entire pleadings. *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Reed v. Reeves,* 160 Wash. 282, 294 Pac. 995. When the trial court passed upon the demand and motion, it had before it only the pleadings, and, finding that the action was one of equitable cognizance, an accounting being suggested, it was not error to deny a jury trial. *Santmeyer v. Clemmancs,* 147 Wash. 354, 266 Pac. 148.

Appellants contend that, upon the trial, the issues were so limited by admissions and stipulations as to make the case purely a law action. But no further demand for a jury trial was made by them at that time. An examination of the record and an inspection of the many hundreds of written documents, including invoices, credit memoranda and journal entries, convinces us that whatever question there may originally have been as to the equitable cognizance of the action, was wholly removed by what was made to appear upon the trial. *Peabody v. Pioneer Sand & Gravel Co.,* 164 Wash. 26, 2 P. (2d) 714.

Appellants' next assignment of error is based upon the refusal of the court to permit the introduction of evidence touching the alleged oral modifications of the written contract. Appellants made a lengthy offer of proof in support of their pleading. The offer was refused by the court.

The written contract between the parties, with its extension, was, by its terms, to cover a period of ten years. It was, therefore, within the statute, in that it was not to be performed in one year. Rem. Rev. Stat., § 5825. Appellants contend, however, that there was a substantial performance by them of the terms of the modified agreement and an acceptance by the respondent of the services and performance rendered and made by the appellants, sufficient to take the case out of the statute.

Many cases are cited by appellants in support of their contention, the principal one of which is *Gerard-Fillio Co. v. McNair,* 68 Wash. 321, 123 Pac. 462. In that case, the rule was laid down, and has since been consistently followed, that an executed oral agreement to modify or abrogate a written contract required by statute to be in writing, or the performance or the substantial part performance of such oral agreement,

may be successfully pleaded as a defense to an action on the written contract. To hold otherwise, it was said therein, would make the statute itself an instrument of fraud.

All of the cases cited by counsel, however, arose either out of a different section of the statute of frauds or else out of a clause of that section different from the one involved in the present action. The particular clause with which we are here concerned is that which renders void a contract which is not to be performed in one year from the making thereof unless it be in writing. The rule has been definitely established in this state that the doctrine of part performance has no application to this clause of the statute of frauds. In *Union Savings & Trust Co. v. Krumm*, 88 Wash. 20, 152 Pac. 681, wherein the facts are similar in nature to those in the present case, we said, on p. 33:

"The respondent insists that there was such part performance, both of the logging contract and of the hauling contract, as to take them out of the statute of frauds. The doctrine of part performance, however, has no application to this clause of the statute of frauds. In the nature of the case, where the statute is directed solely to the time of performance and not to the character or subject-matter of the contract, part performance could not remove the ban of the statute without in effect repealing the statute."

Claims for damages for loss of profits were accordingly disallowed in that action. The doctrine of that case has never been departed from by us, but has been either directly or indirectly approved and followed in subsequent decisions. *Benner v. Billings,* 107 Wash. 1, 9, 181 Pac. 19; *Hendry v. Bird,* 135 Wash. 174, 183, 237 Pac. 317, 240 Pac. 565; *Tonkoff v. Roche Fruit & Produce Co.,* 137 Wash. 148, 155, 242 Pac. 3; *Tracy v. Barton,* 139 Wash. 440, 247 Pac. 734; *O'Donnell v.*

*Sipprell, Inc.,* 163 Wash. 369, 375, 1 P. (2d) 322; *Weaver v. General Metals Merger,* 167 Wash. 451, 9 P. (2d) 778.

In order to escape the force and effect of the doctrine promulgated in the foregoing cases, appellants make some contention that they are at least entitled to partial recovery upon a *quantum meruit.* That such a remedy may be had in certain instances is announced in some of the cases above cited and may be taken as a settled rule in this state. For instance, in the case of *Union Savings & Trust Co. v. Krum, supra,* the court says, on p. 34:

"It is, however, the rule in such cases that a party performing services under a contract void as in contravention of the one-year statute of frauds may recover for the work actually performed on a *quantum meruit,* and the value of the services are measured by that fixed in the contract. This, on the principle that one who has accepted the benefit to the extent of the work performed is estopped to deny the liability. This is carrying the doctrine of estoppel as far as it can be carried in such a case without abrogating the statute."

The same rule was empasized in *O'Donnell v. Sipprell, Inc., supra.* Partial recovery in the former case, and full recovery in the latter, were allowed on that principle.

But the appellants are met at this point with another difficulty. The rule is also well established in this state that part performance sufficient to take a case out of the statute must consist in the doing or the suffering of something not required to be done by the terms of the original agreement. *McInnis v. Watson,* 116 Wash. 680, 200 Pac. 578; *MacDonald v. Potts,* 132 Wash. 59, 231 Pac. 164. Under the written contract, the appellants became the exclusive agent of respondent's products in a certain territory; and

in consideration thereof, they agreed to exert their best efforts toward creating and developing a market for those products and otherwise promoting and increasing the sale thereof and expanding appellants' business in the territory. The basis of appellants' contention with respect to the oral modifications is that, pursuant thereto, they installed one additional delivery truck and equipment and secured an additional agency for the retail of respondent's products.

Both of those things, in our opinion, were in the purview of the written contract, and were not an extraneous consideration. They simply represent specific instances of an effort to promote and expand the business which the written contract required appellants to do generally. What the appellants did, they did primarily for themselves, and there is no question that it was to their interest to do those things, although, of course, respondent also profited thereby, as it did from all of the sales made by the appellants. That appellants were promoting their own business is indicated by the fact that the fifth cause of action of the cross-complaint was based upon an alleged loss which appellants claim to have suffered because their business, under its ultimate expansion, was damaged by reason of respondent's breach of the contract. By that cause of action, appellants were themselves relying upon, and seeking to recover under, a contract which, being partly written and partly oral, and therefore to be considered as oral, was within the statute and void.

Assuming that the performance relied upon by appellants is to be considered in the nature of services rendered, still it does not come within the rule announced in the *Krumm* case. In our opinion, the ruling of the court in refusing evidence of the oral modifications was correct.

■ Appellant's third assignment of error is to the court's refusal to permit them to introduce oral evidence to explain three exhibits, which were credit memoranda. These credits, the appellants admit having received. But they contend that the exhibits constitute written modifications of the contract itself, and that oral evidence should have been permitted to explain them and to show their connection with the original contract. The exhibits show on their face that they were merely credit memoranda indicating payments, and were not evidence or memoranda of a contract of sale.

The case of *Wright v. Seattle Grocery Co.*, 105 Wash. 383, 177 Pac. 818, relied on by appellants, is not applicable to the present situation. There, the writing relied on was a complete memorandum of sale, and on its face was sufficient to show an enforcible contract. Here, as we have already stated, the writing in each instance was simply a credit memorandum, nothing more, and did not express the essentials of a contract of sale. *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030; *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C, 1239. Furthermore, the credit memoranda were complete upon their face, revealing no ambiguity. The oral evidence offered would have added nothing to what the memoranda already showed. The evidence was properly excluded.

■ Appellants, in their final assignment of error, contend that the court erred in granting respondent judgment for the amount set out in its supplemental complaint, covering an additional two-cent state tax on gasoline. But this was explicitly covered by the express terms of the written contract. At the time that certain shipments were ordered by the appellants, it was not known whether the additional tax would be

exacted by the state or not; hence, it was not included in the preliminary billing. However, when the state did insist upon payment of the tax, it was paid by the respondent and charged to the appellants. Not only did the contract in the first instance call for the assumption of this tax by the appellants, but there was also specific evidence, which the court had the right to accept and believe, that, when appellants placed the order for the particular shipments, they agreed to pay the additional tax. The court was, therefore, right in including that sum in its judgment.

Finding no error in the rulings or action of the court, the judgment is affirmed.

TOLMAN, C. J., BEALS, and MAIN, JJ., concur.

[1]Reported in 17 P. (2d) 870.