[No. 25805. Department Two. October 25, 1935.]

A. J. HAMILTON, INC., *Appellant,* v. ATLAS FREIGHT, INC., *Respondent.*[1]

*Cosgrove & Terhune,* for appellant.

*Hayden, Merritt, Summers & Bucey,* for respondent.

HOLCOMB, J.—In this action, the complaint of appellant alleges that a certain written contract, at-

[1]Reported in 50 P. (2d) 522.

tached thereto as an exhibit, was made on October 23, 1930, between Burns Freight Association, a corporation, and appellant, a domestic corporation, engaging the latter to do certain hauling and distributing of freight for the former in Seattle and Puget Sound territory at a specified compensation per hundred pounds, "for a period of five (5) years," and, among other things, in paragraph V of the contract, requiring appellant to furnish a certain indemnity bond to secure its faithful performance of the contract; that subsequently Burns Freight Association orally waived performance by appellant of this requirement for a bond in consideration of appellant handling certain Portland shipments without charge; that appellant at all times thereafter performed the contract except the provision for bond thus orally waived; that thereafter, on May 12, 1933, this written contract was assigned to respondent, who accepted it and became bound by all of its terms and conditions "except as orally waived;" but that respondent, the assignee, thereafter breached the contract and on June 16, 1933, wrongfully terminated it. Appellant by its complaint seeks to recover as damages for such termination various sums of money alleged to have been expended by it in performance and in preparation for performance of such contract, less certain credits.

The answer of respondent, among other things, contains two affirmative defenses. The first pleads the defense of the statute of frauds, Rem. Rev. Stat., § 5825 (1) [P. C. § 7745], setting forth that the contract sued upon, being a written contract orally modified by the alleged waiver as to its indemnity bond requirement, and being a contract by its terms not to be performed within a year, was void under that statute. It also set forth the assignment of the writ-

ten contract to respondent without any knowledge on its part of such modification or waiver and the absence of any such modification or waiver on the part of respondent and the failure of appellant to furnish an indemnity bond as required by the written contract, although demanded by respondent.

The second affirmative defense pleads the defense of *res judicata,* setting forth the institution of a previous suit for the same cause of action against respondent, which had been removed to the Federal district court and which had been voluntarily dismissed by appellant after a judge of that court had announced his ruling sustaining a demurrer to the complaint.

The demurrer of appellant to each of these affirmative defenses being overruled, it thereafter filed its reply, in which it substantially denies all of the allegations of the first affirmative defense except the making of the assignment and its failure to furnish an indemnity bond. It admits all of the allegations of the second affirmative defense except those respecting the final binding effect of the ruling and order of dismissal in that action.

Upon the trial, respondent objected to the introduction of any evidence by appellant, demurred to the complaint, and moved for dismissal of the cause, chiefly because the complaint failed to state a cause of action under the statute of frauds. The trial court sustained the objection and demurrer, granted the motion, discharged the jury, and dismissed the action with prejudice. This appeal results.

We shall not concern ourselves with the affirmative answer pleading *res judicata,* since our determination of the effect of the statute of frauds, under our decisions, is entirely decisive.

Appellant concedes that the contract was one

which could not be performed within one year and must be in writing under the statute of frauds; that it cannot be partly oral and partly written and any oral modification thereof, or of an essential part thereof, would make it an entirely oral one and void under the statute. Appellant contends, however, that there never was an oral modification or alteration of the essential terms of the contract pleaded. It is argued that there may be an oral waiver of the strict performance of any of the provisions of such a written contract; that the statute of frauds applies to the first, but not to the second. Appellant asserts that the rule as related to the oral modification of a material portion of the written contract under the cited section of the statute of frauds does not apply here, since there was no oral modification of the written contract, but merely a waiver of compliance with the bond requirement, which, it contends, is not within the statute. This, to our minds, is a distinction without a difference. The bond requirement was certainly a very material one and, of course, was one to be fulfilled during the entire term of the contract of five years.

The statute above cited, in substance, provides that contracts are void unless in writing when they are not to be, or may not be, performed in one year from the making thereof.

Although appellant argues that certain of our cases involving that clause of the statute of frauds are not applicable to this case, we consider that *Union Savings & Trust Co. v. Krumm*, 88 Wash. 20, 152 Pac. 681, and *Sunset Pacific Oil Co. v. Clark*, 171 Wash. 165, 17 P. (2d) 879, and the cases cited therein, entirely govern this case.

Such cases as *Lamken v. Miller*, 181 Wash. 544, 44 P. (2d) 190, and other cases under other clauses of the statute of frauds, are not in point.

*Lamken v. Miller* dealt with a lease, as to which this court has often held that the doctrine of part performance may be applied. On the contrary, we have consistently held that the rule of part performance cannot be applied in a case involving that clause of the statute above cited.

Were this a suit to recover upon a *quantum meruit* for the delivering and distributing of freight without charge destined to Portland, Oregon, a different question would be presented. *Union Savings & Trust Co. v. Krumm, supra.* It being avowedly purely an action for damages, it is within the statute and controlled by the cases above cited.

The judgment of dismissal is right, and is affirmed.

MAIN, TOLMAN, BEALS, and BLAKE, JJ., concur.